UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM L. MCVEIGH,<br><br>               Plaintiff,<br><br>   v.<br><br>CLIMATE CHANGERS INC., JW BROWER HEATING AND AIR CONDITIONING; and INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL, AND TRANSPORTATION WORKERS, LOCAL 66,<br><br>               Defendants. | CASE NO. C16-5174 RJB<br><br>ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS |

This matter comes before the Court on Plaintiff's Application to Proceed *In Forma Pauperis* ("IFP") (Dkt. 1) and Application for Court Appointed Counsel (Dkt. 1-2). The Court has considered the applications and the remainder of the file herein.

On March 4, 2016, Plaintiff filed a civil action, alleging claims against his former employer and a labor union "pursuant to Section 301 of the Labor Management Relations Act and 29 U.S.C. § 185." Dkt. 1-1.  Plaintiff asserts that there was "no just cause" for his

termination for "misconduct" or "sexual harassment." *Id.*  He alleges he was not fully paid for all the hours he worked.  *Id.* Plaintiff maintains that the International Association of Sheet Metal, Air, Rail, and Transportation Workers, Local 66 "did not preform [sic] their duty of fair representation."  *Id.*, at 8.  Plaintiff seeks damages, attorneys' fees, and to "have JW Brower recind [sic] all allegations make about me."  *Id.*

In conjunction with the filing of his Complaint, Plaintiff filed the pending Application to Proceed *In Forma Pauperis*.  Dkt. 1.  Plaintiff states that he has received $14,500 from business, profession or other self-employment over the last twelve months, and $14,813 from disability, unemployment, workers compensation or public assistance.  *Id.*  He reports he has $244.12 in cash and in his bank accounts.  *Id.*  He also notes that he has a home valued at $106,000.00 and two lots of land valued at $36,300.00.  *Id.*  His monthly expenses include utilities, credit cards, insurance, property tax, and phone for $2000.  *Id.*  Plaintiff states that the date of his last employment was August 5, 2015.  Dkt. 1, at 1.

Plaintiff also filed an Application for Court Appointed Counsel.  Dkt. 1-2. In this pleading, Plaintiff contends that he has "called over 20 attorneys, emailed over 10 attorneys, met face to face with 3 attorneys, emailed back and forth with 1 attorney over a 2 ½ month period" to no avail.  Dkt. 1-2, at 2.

**Application to Proceed IFP**.  The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency.  *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

It appears that Plaintiff has the ability to pay the filing fee in this case.  Plaintiff has made a choice to file this civil action.  While the costs of this action may place a burden on his

resources, Plaintiff appears to have sufficient funds to pay the filing fee.  Accordingly, Plaintiff's application to proceed *in forma pauperis* should be denied.  Before the Court dismisses this case, however, Plaintiff should have the opportunity to pay the filing fee.  If Plaintiff wishes to proceed with this case, he is required to pay the filing fee to the Clerk of the Court, not later than **March 25, 2016**.  If Plaintiff does not pay the filing fee by March 25, 2016, the Clerk should be directed to dismiss this case without prejudice

**Application for Court Appointed Counsel**.  Under 28 U.S.C. § 1915(e)(1), the court may request an attorney to represent any person unable to afford counsel.  Under Section 1915, the court may appoint counsel in exceptional circumstances.  *Franklin v. Murphy*, 745 F.2d 1221,1236 (9th Cir. 1984)**.**  To find exceptional circumstances, the court must evaluate the likelihood of success on the merits and the ability of the petitioner to articulate the claims *pro se* in light of the complexity of the legal issues involved.  *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Here, Plaintiff has not yet shown that he is likely to succeed on the merits.  Further, Plaintiff is relatively articulate in raising issues and explaining his position.  The case does not present exceptional circumstances. Plaintiff's request for appointment of counsel (Dkt. 1-2) should be denied.

Plaintiff is informed that he is proceeding *pro se* in this matter.  He is expected to comply with the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Western District of Washington, and orders of this Court.

Therefore, it is hereby **ORDERED** that:

- Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 1) is **DENIED;**

- Plaintiff's Application for Court Appointed Counsel (Dkt. 1-2) is **DENIED**;

- If Plaintiff wishes to proceed with this case, he is required to pay the filing fee to the Clerk of the Court, not later than **March 25, 2016**; and

- If Plaintiff does not pay the filing fee by **March 25, 2016**, the Clerk is directed to dismiss this case without prejudice.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 7th day of March, 2016.

ROBERT J. BRYAN
United States District Judge

ORDER DENYING PLAINTIFF'S APPLICATION
TO PROCEED IN FORMA PAUPERIS- 4