UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM MCVEIGH,<br><br>          Plaintiff,<br><br>   v.<br><br>CLIMATE CHANGERS, INC., JW BROWER HEATING AND AIR CONDITIONING, INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL, AND TRANSPORTATION WORKERS, LOCAL 66,<br><br>          Defendants. | CASE NO. 16-5174 RJB<br><br>ORDER ON MOTION FOR LEAVE TO AMEND THE COMPLAINT AND MOTION TO DISQUALIFY |

This matter comes before the Court on Plaintiff's Motion for Leave to File an Amended Complaint (Dkt. 19) and Plaintiff's Motion to Disqualify (Dkt. 20). The Court has considered the pleadings filed in support and in opposition to the motions and the remaining file.

This case arises from the termination of Plaintiff's employment with Climate Changers, Inc. which was doing business as Brower Heating and Air Conditioning ("Brower") for sexual harassment. Dkt. 5. Plaintiff alleges that he was a member in good standing of the International

ORDER ON MOTION FOR LEAVE TO AMEND
THE COMPLAINT AND MOTION TO
DISQUALIFY- 1

1  Association of Sheet Metal, Air, Rail, and Transportation Workers, Local 66 ("Local 66") union
2  at the time of his termination.  Dkt. 5.

3  Plaintiff now moves to amend his complaint (Dkt. 19) and moves for an order
4  disqualifying counsel that have appeared in this case for Local 66, Bradley Medlin and Daniel
5  Hutzenbiler, with the law firm of Robblee Detwiler & Black, arguing that Mr. Medlin
6  represented Plaintiff in a related matter before the Office of Administrative Hearings for the
7  Employment Security Department - his successful bid to receive state unemployment benefits
8  (Dkt. 20).  Further, Mr. Hutzenbiler was informed of the basis for Plaintiff's termination.  Dkt.
9  24-2.  For the reasons provided, the motion to amend the complaint (Dkt. 19) should be granted
10 and the motion to disqualify opposing counsel (Dkt. 20) should be granted.

11 **Motion to Amend**.  Plaintiff moves the Court for leave to file an amended complaint.
12 Dkt. 19.  Fed. R. Civ. P. 15(a)(1), "[a] party may amend its pleading once as a matter of course
13 within (A) 21 days after serving it or (B) if the pleading is one to which a responsive pleading is
14 required, 21 days after service of a responsive pleading . . ."  Rule (a)(2) provides that "a party
15 may amend its pleading only with the opposing party's written consent or the court's leave. The
16 court should freely give leave when justice so requires."  A motion to amend under Rule
17 15(a)(2), "generally shall be denied only upon showing of bad faith, undue delay, futility, or
18 undue prejudice to the opposing party."  *Chudacoff v. University Medical Center of Southern*
19 *Nevada,* 649 F.3d 1143, 1152 (9th Cir. 2011).

20 Plaintiff's Motion for Leave to File an Amended Complaint (Dkt. 19) should be granted.
21 Plaintiff filed an Amended Complaint on May 10, 2016, which the Court will construe as a
22 proposed amended complaint for the purposes of this motion. Dkt. 23.  The proposed Amended
23 Complaint includes claims for wrongful discharge, breach of contract, breach of the duty of fair
24

representation, and intentional and negligent infliction of emotional distress. *Id.* No opposition to Plaintiff's Motion for Leave to File an Amended Complaint has been filed, so there has been no showing of "bad faith, undue delay, futility, or undue prejudice to the opposing party." *Chudacoff,* at 1152. The motion should be granted and the Amended Complaint (Dkt. 23) should be considered filed as of the date of this order.

**Motion to Disqualify**. In Plaintiff's motion to disqualify Bradley Medlin, Daniel Hutzenbiler, and the law firm of Robblee Detwiler & Black, Plaintiff argues that in Mr. Medlin, Mr. Hutzenbiler, and the law firm represented him in matters that bore a "substantial relationship" to this case. Dkt. 20. According to Plaintiff, after his termination, Mr. Medlin represented him in an administrative hearing in order to successfully contest Brower's opposition to Plaintiff's receiving unemployment. Dkt. 25. Plaintiff states that further, "[b]y email [he] inquired about grievances, wrongful [sic] termination, the allegations sent to Mr. Hutzenbiler by Climate Changers/JW Brower about me, and my final pay I was due." *Id.,* at 3. He asserts that Mr. Medlin and Mr. Hutzenbiler "have both been privy to my personal thoughts about my termination and the effects that it is causing me through phone calls and emails that gives [sic] them an unfair advantage over me as a pro se litigant." *Id.*

Local Rule W.D. Wash. 83.3 (a)(2) provides that "[i]n order to maintain the effective administration of justice and the integrity of the court, attorneys appearing in this district shall . . . . comply with . . . the Washington Rules of Professional Conduct ("RPC")." RPC 1.9(a), Duties to Former Clients, provides: "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing."

ORDER ON MOTION FOR LEAVE TO AMEND
THE COMPLAINT AND MOTION TO
DISQUALIFY- 3

While this is not a clear cut situation, in an abundance of caution, Plaintiff's motion to disqualify Bradley Medlin, Daniel Hutzenbiler, and the law firm of Robblee Detwiler & Black from representing Local 66 in this case (Dkt. 20) should be granted.  In support of his motion, Plaintiff has attached the decision of the Administrative Law Judge from the dispute over his unemployment benefits.  Dkt. 25, at 4-7.  The decision specifically discusses the circumstances of Plaintiff's termination in considering the question before it:  whether Plaintiff should have been disqualified from benefits if he was discharged for misconduct.  *Id.*  In this case, Plaintiff is alleging, in part, that he was wrongfully terminated, his employment contract was breached, and Local 66 breached the duty of fair representation.  Dkt. 23.  Mr. Medlin is listed in the ALJ's decision as Plaintiff's attorney and Plaintiff indicates that Mr. Medlin actively participated as his lawyer.  Dkt. 25, at 1-2, and 4.  The issues before the ALJ and some of the ones raised here are "substantially related" and Plaintiff's interest may be materially adverse to Local 66's interest such that these lawyer's continued representation of Local 66 in this case may well run afoul of the RPCs.  As is clear in this motion, Plaintiff certainly has not given informed consent, confirmed in writing, for such representation.

Further, Plaintiff also indicates that he consulted with Mr. Hutzenbiler regarding the filing of grievances.  Dkt. 25, at 1-3.  Plaintiff makes a claim against Local 66 for failure to properly represent him.  RPC 3.7 generally prohibits lawyers acting as witness at trial.  As to the claim for breach of the duty of fair representation, it is not inconceivable that Mr. Hutzenbiler may have to testify at trial.

Local 66 responds, and argues that Bradley Medlin, Daniel Hutzenbiler, and the law firm of Robblee Detwiler & Black did not represent Plaintiff.  Dkt. 24.  It argues that Local 66 was their client, not Plaintiff.  *Id.*  It asserts that all work done in association with Plaintiff's

ORDER ON MOTION FOR LEAVE TO AMEND
THE COMPLAINT AND MOTION TO
DISQUALIFY- 4

termination was done at the direction of and paid for by Local 66. *Id.*  Local 66 points to *Peterson v. Kennedy,* 771 F.2d 1241 (9th Cir. 1985) in support of their position that Local 66 and not Plaintiff was their client. In *Peterson,* the Ninth Circuit held that Labor Management Relations Act §301 (b) immunity extends to union agents, including attorneys, explaining that "attorneys who perform services for and on behalf of a union may not be held liable in malpractice to individual grievants where the services the attorneys perform constitute a part of the collective bargaining process." *Id*. at 1256.  "[W]hether it be house counsel or outside union counsel, where the union is providing the services, the attorney is hired and paid by the union to act for it in the collective bargaining process," and so, cannot be sued for malpractice by the individual grievant. *Breda v. Scott,* 1 F.3d 908, 909 (9th Cir. 1993)(*internal citations omitted).*  The *Peterson* Court noted that an attorney acting on behalf of the union in representing a grievant has not entered into "an attorney-client relationship in the ordinary sense with the particular union member who is asserting the underlying grievance. Although the attorney may well have certain ethical obligations to the grievant, his principal client is the union." *Id*.

Unlike in *Peterson* or *Breda,* Plaintiff here is not making a claim for malpractice against the attorneys currently representing the union, and so application of the law of those cases is not that helpful.  Plaintiff here seeks disqualification of these attorneys and the law firm based on the ethical obligations they had, and have, to him.  Although the attorneys here argue that at no time did they ever represent Plaintiff, Mr. Medlin filed a Notice of Appearance indicating representation of Plaintiff with the Office of Administrative Hearings.  Dkt. 25, at 10.  Even if his relationship with Plaintiff was not an "ordinary one," he and his firm still had, and have, ethical obligations to Plaintiff as stated in *Peterson*.  In an effort to ensure the integrity of these proceedings, Local 66's current counsel should be disqualified.

The motion for disqualification (Dkt. 20) should be granted and Local 66 should be afforded until June 17, 2016 to secure other counsel. (Local Rule 83.2 (b)(3) requires business entities to be represented by counsel) The current deadlines in the case: the FRCP 26f Conference Deadline of 6/6/2016; Initial Disclosure Deadline of 6/13/2016; and the due date for the Joint Status Report - 6/20/2016 should be reset as follows: the FRCP 26f Conference Deadline is 7/5/2016; Initial Disclosure Deadline is 7/11/2016; and the Joint Status Report due by 7/18/2016.

**ORDER**

- Plaintiff's Motion for Leave to File an Amended Complaint (Dkt. 19) **IS GRANTED**;
    - The Amended Complaint (Dkt. 23) shall be considered filed as of the date of this order; and
- Plaintiff's motion to disqualify Bradley Medlin, Daniel Hutzenbiler, and the law firm of Robblee Detwiler & Black (Dkt. 20) **IS GRANTED**;
    - Local 66 **SHALL** have until June 17, 2016 to secure other counsel;
    - The following deadlines are **RESET**: the FRCP 26f Conference Deadline is 7/5/2016; Initial Disclosure Deadline is 7/11/2016; and Joint Status Report due by 7/18/2016.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 26th day of May, 2016.

ROBERT J. BRYAN
United States District Judge

ORDER ON MOTION FOR LEAVE TO AMEND
THE COMPLAINT AND MOTION TO
DISQUALIFY- 6