1
2                                          HONORABLE ROBERT J. BRYAN
3                                    _____ FILED _____ LODGED
                                     _____ RECEIVED
4                                          MAY 1 0 2016
5                                        CLERK U.S. DISTRICT COURT
                                  WESTERN DISTRICT OF WASHINGTON AT TACOMA
6                                  BY_____ DEPUTY
7                      UNITED STATES DISTRICT COURT
8                    WESTERN DISTRICT OF WASHINGTON
                               AT TACOMA
9
10   WILLIAM L MCVEIGH,
                                         Case No.
11   Plaintiff,                 vs.      3:16-cv-05174-RJB

12                                       AMENDED
     CLIMATE CHANGERS, INC.,  JW         COMPLAINT
13   BROWER HEATING AND AIR
14   CONDITIONING.,
     INTERNATIONAL ASSOCIATION
15   OF SHEET METAL, AIR, RAIL, AND
     TRANSPORTATION WORKERS,
16   LOCAL 66  Defendant(s)
17

18                      **JURISDICTIONS AND VENUE**
19

20
21        1) WILLIAM L MCVEIGH (hereinafter "I" or "Plaintiff") respectfully
22   brings this action under Section 301 of the Labor Management Relations
23   Act of 1947, 29 U.S.C. § 185(a), to rescind all false statements, rehabilitate
24   wrongdoers with personal and social deterrence, recover compensatory
25   and  punitive damages, and attorney's' fees and costs incurred as a result of
     Defendant  CLIMATE  CHANGERS  INC.,  JW  BROWER  HEATING  AND  AIR

Case No.
3:16-cv-05174-RJB                    1

AMENDED
COMPLAINT
                                                      William L McVeigh
                                                      Plaintiff in Pro Per

CONDITIONING (hereinafter "Brower")'s violation of its collective bargaining agreement with Defendant INTERNATIONAL ASSOCIATION of SHEET METAL, AIR, RAIL, and TRANSPORTATION WORKERS, LOCAL 66 (hereinafter "Local 66") and as a result of Local 66's breach of its duty of fair representation by failing to process meritorious grievances against Brower arising from the August 5th, 2015, termination of Plaintiff's employment.

2) UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON has jurisdiction pursuant to 28 U.S.Code § 1331 (Federal question), 28 U.S. Code § 1343 (Civil rights and elective franchise), and 28 U.S. Code § 1367 (Supplemental jurisdiction).

3) I was a employee of Brower, am member in good standing with Local 66, and reside in Pierce County,Washington.

4) Brower does business in Pierce County, Washington.

5) Local 66 does business in Pierce County, Washington.

6) The VENUE is appropriate due to the events that gave rise to this complaint occurred in this District.

## STATEMENT OF FACTS

7) Plaintiff William L McVeigh was employed by Brower and was represented for the purpose of collective bargaining by  Local 66, at all times material to this action.

8) Plaintiff was indefinitely suspended from his employment on or

Case No.
3:16-cv-05174-RJB

AMENDED
COMPLAINT

2

William L McVeigh
Plaintiff in Pro Per

about August 5, 2015, which action amounted to the termination of plaintiff from his employment.

9) Brower was a party to a collective bargaining agreement with the co-defendant Local 66, which agreement required the following:

a. that the plaintiff when terminated shall receive a termination slip at

the end of the shift stating the reason for termination.

b. that the plaintiff to be dispatched to another job must provide

evidence of termination and the reason(s) for termination.

c. that the plaintiff has the right to appeal procedures of the collective

bargaining agreement.

d. that the plaintiff when discharged shall be paid in full.

e. that the plaintiff when working overtime shall receive one and one-

half (1/2) times the amount of regular pay.

f. that the plaintiff's hours worked after 7:00 p.m. shall be paid at one

and one half (1-1/2) times of established regular hourly rate.

g. that termination slips must be filled out by the Employer

h. that the agreement covers conditions of employment for plaintiff

10) Brower terminated plaintiff without just cause in reckless and callous disregard of plaintiff's rights.

11) Local 66 handled plaintiff's apparently meritorious grievance(s)

Case No.
3:16-cv-05174-RJB

AMENDED
COMPLAINT

3

William L McVeigh
Plaintiff in Pro Per

1   arising from his discharge in an arbitrary and perfunctory manner and in so

2   doing acted in reckless and callous disregard of plaintiff's rights.

3
4   12) Plaintiff has, since August 5, 2015, actively sought employment

5   from other employers, has repeatedly been rejected for such other

6   employment and has no expectation or opportunity to be employed in the

7   future in substantially equivalent employment.

8
9   13) During the period from August 5, 2015, until March 3, 2016, the

10  plaintiff William L McVeigh lost wages and fringe benefits in the amount of

11  $75,479.00.

12  14)  The collective bargaining agreement of the parties implies just

13  cause for termination.

14
15  15) If plaintiff's grievance(s) had been arbitrated as provided for in

16  the collective bargaining agreement of the parties a result could have been

17  anticipated by approximately December, 2015, reinstating plaintiff in his

18  employment.

19  16) Plaintiff would have been returned to his job earlier if the Local

20  66 had fulfilled its duties.

21
22  17) Plaintiff could not proceed independently of Local 66 and

23  reasonably relied upon Local to protect his rights.

24
25  18) The events surrounding the plaintiff's termination show the

    impracticality of reinstating plaintiff to his employment.

Case No.
3:16-cv-05174-RJB                    4

AMENDED
COMPLAINT

William L McVeigh
Plaintiff in Pro Per

1    19) Plaintiff is presently forty-four years old and could have
2  reasonably expected to be employed by Brower for an additional twenty-six
3  years.
4
5    20) At all times relevant herein, Plaintiff is a 44 year old male and
6  father to a minor and an adult child.  He has been a HVAC technician for
7  over 20 years in the construction trade around Pierce County, Washington.
8  Plaintiff is a member in good standings with Local 66 and was hired by
9  Brower on or about 22 July, 2015.  Plaintiff has relied on Local 66's exclusive
10 representation in employment matters with Brower.
11
12   21) At all times relevant herein, Brower is a Corporation licensed in
13 the State of Washington as a General Construction contractor located at
14 3424 SOUTH TACOMA WAY, TACOMA, WA 98409.  Brower is subject to a
15 Collective Bargaining Agreement (hereinafter "CBA") with Local 66.
16
17   22) At all times relevant herein, Local 66 is a labor organization that
18 represents Plaintiff in the sheet metal industry.  Local 66's primary office is
19 located at 11831 BEVERLY PARK ROAD B-2, EVERETT, WA 98204 with a
20 satellite office located at 2725 Williamson Place, Dupont, WA 98327.  Local
21 66 is subject to a CBA with Brower.
22   23) At all times relevant herein, Brower's owner, Marlene Harnish
23 (hereinafter "Owner Harnish"), manages schedules, time cards, and
24 determines who is hired or terminated.  Owner Harnish was Plaintiff's only
25 supervisor and directed him when and where to go for his daily tasks in the

Case No.
3:16-cv-05174-RJB

AMENDED
COMPLAINT

5

William L McVeigh
Plaintiff in Pro Per

office, shop, or field.

24) At all times relevant herein, Jeff Stowe (hereinafter "Rep Stowe") is Plaintiff's Union business agent. Rep Stowe works as a liaison for Plaintiff and Brower. Rep Stowe protects Plaintiff's rights in matters of employment and pay. Rep Stowe handles Plaintiff's grievances and complaints against Brower.

25) At all times relevant herein, Kristine Misener (hereinafter "AA Misener") was an employee of Brower doing office work and not a member of Local 66. Brower informed Plaintiff that AA Misener had put in her "two weeks notice" before Plaintiff became her co-worker.

26) At all times relevant herein, Christine Saunders (hereinafter "FABCHR Saunders") is an employee of Brower. Brower informed Plaintiff FABCHR Saunders was a Forensic Analyst trying to discover fraud by past employees. Plaintiff learns FABCHR Saunders' has additional roles as a Business Consultant and Human Resources representative for Brower.

27) At all times relevant herein, Robblee Detwiler & Black, P.L.L.P. (hereinafter "PLLP"), is located at 2101 FOURTH AVENUE SUITE 1000, SEATTLE, WA 98121 and represents Local 66.

28) At all times relevant herein, Daniel Hutzenbiler (hereinafter "Mr. Hutzenbiler") is an attorney working for PLLP.

29) At all times relevant herein, Bradley Medlin (hereinafter "Mr. Medlin) is PLLP's senior associate and appeared for Plaintiff's Employment

Case No.
3:16-cv-05174-RJB

AMENDED
COMPLAINT

6

William L McVeigh
Plaintiff in Pro Per

Security Department (hereinafter "ESD") appeal on 22 October, 2015.

30) At all times relevant herein, Mary Ellen Goodwin (hereinafter "ALJ Goodwin") is an Administrative Law Judge (hereinafter "ALJ") working for the Office of Administrative Hearings (hereinafter "OAH") that presided over Plaintiff's ESD appeal.

31) At all times relevant herein, Joe Deters (hereinafter "Lennox Joe") is the manager of Lennox Industries located at 20003 85th AVENUE SOUTH, KENT, WA 98031 and has known Plaintiff for over 10 years. Lennox Joe is a eyewitness of events related to Plaintiff's termination from Brower.

32) At all times relevant herein, the late Al Fellenberg, husband to Mary Anne Fellenberg (hereinafter "Mother Fellenberg") and father to Rae Fellenberg (hereinafter "Daughter Fellenberg"), was a employee of Brower. Mother Fellenberg resides in Fircrest, WA, and is a customer of Brower. Daughter Fellenberg and Leon Proost (hereinafter "Mr., Proost") reside adjacent to Mother Fellenberg and are eyewitnesses of circumstances related to Plaintiff's termination from Brower.

33) At all times relevant herein, Denise M Eaton (hereinafter "Proxy Eaton") is married to Ross Eaton (hereinafter "Husband Eaton"), sister in law to Cal Eaton (hereinafter "Brother Eaton"), and sister to Barb (hereinafter "Sister Barb"). Proxy Eaton acts as a spokesperson and has collected particular information from the aforementioned in this paragraph relating to the circumstances surrounding Plaintiff's termination from

1   Brower.

2   34) At all times relevant herein, Nate Hicks (hereinafter"Mr. Hicks")

3   had the same title and duties as Plaintiff at Brower.   Brower informed

4   Plaintiff that Mr. Hicks had 25 years HVAC field experience, went to a trade

5   school, and started at Brower approximately one month before Plaintiff.

6

7   35)  Plaintiff was dispatched by Rep Stowe on or about 22 July, 2015.

8   Plaintiff's wage package was $52.87 a hour.  Owner Harnish hired Plaintiff

9   after his interview. Mr. Hicks sat in on the interview.  Before and during

10  Plaintiff's employment, he received two requests, not spit outside the

11  building and stop wearing cologne.  The aforementioned requests were the

12  only rules, instructions, or guidelines Plaintiff ever received in regards to

13  workplace conduct or violence.

14

15  36) Brower, being less than eight employees, did not have written

16  material guidelines or rules regarding workplace conduct or violence when

17  Plaintiff was hired.  Brower instead relies on state and federal posters for

18  employee guides.  Plaintiff never saw the posters.

19

20  37) On or about 22 July, 2015, while standing at the lobby counter,

21  Owner Harrnish, Mr. Hicks, and Plaintiff were talking.   During the

22  conversation Plaintiff states he was raised on Vashon Island.  Mr. Hicks

23  asked, "Why do so many gays live on Vashon?", then chuckles, and

24  continues,"Because they like to ride ferries!"  Owner Harnish did not

25  reprimand Mr. Hicks at the time.

Case No.
3:16-cv-05174-RJB                        8

AMENDED
COMPLAINT

William L McVeigh
Plaintiff in Pro Per

38) On or about 23 July, 2015, Owner Harnish directed Plaintiff to a South Claremont house that is later referred to, by Owner Harnish and Plaintiff, as the "Rainbow House" ("Rainbow House").  Prior to Plaintiff's hiring, Mr. Hicks had diagnosed a problem at the Rainbow House, had the parts, but had never gone back to fix the problem.  After three or four attempts by Plaintiff to gain access, he found a woman that let him inside. Plaintiff installed the part, had a small nice chat with the woman about "Walking Dead" the T.V. show, and went back to to the office. At the office, Plaintiff informed Owner Harnish that the equipment was in a very dangerous state and needed replacement.

39) The last day AA Misener worked, she was blamed for not turning in a key to a lock.  Owner Harnish was upset about having another locksmith out  to change the locks again and commented, "I've got her [AA Misener's] check.  I'm not paying for it!", and pointed both of her thumbs towards her ears a few times.

40)  On or about 27 July, 2015 Owner Harnish asked Plaintiff, "Have you ever been diagnosed with A.D.D. [Attention Deficit Disorder]?"  Plaintiff told her he had not.  She explained that based on her experience teaching, she could "spot the students with A.D.D. when they walked through the door." Owner Harnish finished, "I'm sure that you have it."

41)  On or about 31  jULY, 2015, Plaintiff took the day off to go camping   with his family.  While he was loading his vehicle, his phone rang. Brower needed him at the office.  Plaintiff did as directed.   He arrived

Case No.
3:16-cv-05174-RJB

AMENDED
COMPLAINT

9

William L McVeigh
Plaintiff in Pro Per

1   around 9:00 AM and then was asked to call local wholesalers to find out

2   where some equipment was purchased and by whom.   Plaintiff did as

3   directed.   After three hours he went home and finished packing.   Plaintiff

4   was never paid for this time.

5

6      42)   On or about 5 August, 2015, approximately 10:30 AM, Nate

7   Hicks, co-worker, threatens the Plaintiff with physical violence at a job site

8   in the north end of Tacoma ,WA.     Approximately 10:45, at office of

9   COMPANY, Plaintiff informs Owner Harnish of threats made. Owner

10   Harnish proposed to keep Hicks away from Plaintiff and let Hicks cool

11   down.   Approximately 2:15,   Hicks enters a meeting of Plaintiff's, then

12   threatens Plaintiff in the presence of Owner Harnish and two wholesalers.

13

14      43)   Approximately 3:50 PM, on or about , 5 August, 2016, with

15   Owner Harnish present, FABCHR Saunders asked Plaintiff, "Do you know

16   the definition of sexual harassment?".   To which Plaintiff   gave a

17   uneducated response.   FABCHR Saunders demonstrated the actions as

18   replying, "It could be as simple as bending over, picking up a screw, putting

19   it on someone's desk, and saying",  the last three words came with FABCHR

20   Saunders' voice elevating, eyes squinting, and finger poking in the air at

21   Plaintiff, "NOW YOU'RE SCREWED!"

22

23      44) On or about 5 August, 2015, with Owner Harnish supervising and

24   by her side, FABCHR Saunders terminates Plaintiff's employment under a

25   pretext of "sexual harassment". Plaintiff asked many times "Why?"  Owner

    Harnish did not answer, FABCHR Saunders did with, "The state of

Washington doesn't require me to tell you!"The State of Washington says

we don't have to tell you!" and "The State of Washington doesn't require us

to tell you!"  Before he left, Plaintiff turned in his time cards to Owner

Harnish and collected personal records.

45)   Plaintiff did not receive a termination slip when he was

terminated.  Plaintiff asked for help getting his termination slip.  Plaintiff

sent the attached letter requesting Brower give him his termination slip

with the reasons for termination. Plaintiff received the slip in a letter

postmarked 29 October,2015.   The slip had SHEET METAL and AIR

CONDITIONING CONTRACTORS of WESTERN WASHINGTON and it's official

logo as letterhead.  Plaintiff's name, address, and last four written on it.

Owner Harnish had signed it and dated it.  The six boxes under the "reason"

section were empty and the comment section read "misconduct".

46) Brower released documentation about Plaintiff to Local 66 and

the Department of Employment Security ("ESD") that concerned his

employment at Brower.  Mr. Hutzenbiler is the only person Plaintiff is

awareof that got to read the documentation sent to him.  Rep Stowe did

not let Plaintiff know what they found out.   Plaintiff asked for the

documents on different occasions, from Mr. Medlin and  Rep Stowe. The

documentation to ESD alleges that Plaintiff, while working for Brower, said

"I want to eat your cookie" to AA Misener," asked "What month was she a

Playboy centerfold?" [but not directed at anyone], bragged about getting

physically thrown off a property where he[Plaintiff] and coworkers had

William L McVeigh
Plaintiff in Pro Per

1    made sexual statements about a teenage daughter, and used a number of

2    references about customers with alternative lifestyles."

3
4        47)    On or about 22 October, 2015, Owner Harnish, FABCHR

5    Saunders, Mr. Hicks, and Plaintiff, by teleconference, were sworn in by ALJ

6    Goodwin. Owner Harnish and FABCRH Saunders both testified that Plaintiff

7    wrote "rainbow girls" on his time card.  Brower had faxed Plaintiff's time

8    cards to ESD for ALJ Goodwin.  The documents were ruled untimely and not

9    allowed into evidence.  Attached are copies of the time cards in the ESD

10   file. Owner Harnish testified that AA Misener had not put in her "two week"

11   notice.   Mr. Medlin appeared at this appeal hearing on behalf of the

12   Plaintiff.   Mr. Medlin then argued with ALJ Goodwin.    ALJ Goodwin

13   reprimanded several times with comments like, "You[Mr. Medlin]'re

14   hurting your client[Plaintiff]'s credibility," and "Mr. Medlin are you trying to

15   testify?"  Plaintiff received his benefits.

16

17       48)   On or about 5 August, 2015, Plaintiff, by phone, informs Rep

18   Stowe of termination. On or about the 14th Plaintiff emails a plea for help

19   to , Rep Stowe confirms that Union attorney, Daniel Hutzenbiler ("Mr.

20   Hutzenbiler"), has already started working on it for Plaintiff, by seeking

21   answers to Plaintiff's questions.   Rep Stowe said he would keep him

22   informed.  On the 19th, Plaintiff complains to Rep Stowe about not getting

23   his final pay and overtime. Rep Stowe has Plaintiff email his hours. Plaintiff

24   submitted questions to Rep Stowe for Mr Hutzenbiler on or about 25

25   August, 2015.  Plaintiff, on or about 31 August, 2015 requested results of

1   the questions from  Rep Stowe. Plaintiff, emailed Rep Stowe on or about 23

2   September Rep Stowe instructed Plaintiff to call Mr. Hutzenbiler on

3   Thursday[3 September, 2015].   When he did Mr. Hutzenbiler  told to call

4   him back because he is too busy.

5

6       49)   Plaintiff was informed on or about 6 October, 2015, by Mr.

7   Hutzenbiler, of the allegations Brower had sent him.  From what Plaintiff

8   understood from  the allegations, AA Misener made allegations of "sexual

9   harassment", Mr. Hicks made allegations of unprofessional conduct and no

10  information about an investigation, termination slip, pay, or witness

11  questioning.   Rep Stowe receives Plaintiff's second submittal  of pay

12  information and Mr. Hutzenbiler requests whatever paperwork I can

13  provide him about my termination.  Plaintiff emailed the same paperwork

14  that he emailed Rep Stowe.

15

16      50)  Plaintiff started to investigate the circumstances surrounding his

17  termination. He started with Mr. Hicks' statement signed 13 August; 2015,

18  which lead him to the Fellenbergs, who signed a statement contradicting

19  Mr. Hicks'.  The Fellenberg's gave Plaintiff the name of Brother Eaton was

20  who gave Plaintiff the name of Proxy Eaton.  Proxy Eaton through Sister

21  Barb knows AA Misener.   Plaintiff has Lennox Joe's number.   All the

22  information Plaintiff collected up to  October, 2015 was turned over to the

23  Local 66.

24

25      51)  Plaintiff complained, while text messaging Rep Stowe, on or

    about 23 October, 2015, about getting the money that was owed.   Rep

1   Stowe texted, "Your [Plaintiff's] story is not correct".  "Quit trying to mix

2   things up. You sent me your check stubs once on October 6th, the day after

3   you first told me about it.  You need to quit playing games."  Plaintiff

4   replied, "If you are referring to me sending you my pay info that was owed

5   to me for the second time then yes."

6

7       52)  Plaintiff, going over Rep Stowe's head again, called the Local 66's

8   primary office and left a message for Tim Carter ("Mr. Carter"), on or about

9   23 October, 2016. Rep Stowe then sent Plaintiff a email on the 27th stating

10  that in his researching Plaintiff's claim for pay he found that Brower had not

11  received a time card.  That Brower would send a check for 9.15 hours.

12  Plaintiff gave the breakdown of hours again and number of work hours he

13  felt he was owed up to that point. Plaintiff stated he wanted whatever was

14  needed to make himself whole again.

15

16      53)  According to the Department of Labor and Industries("L&I"),

17  Plaintiff is still owed money from Brower.  L&I cannot enforce the overtime

18  or standby pay rules of the CBA.  Plaintiff received a letter from Mr.

19  Hutzenbiler that was dated 5 November, 2015, and had a header with

20  Plaintiff's address. After which reads:

21

22

23      "          Our File No. 3262-052

24

25      Dear Mr. McVeigh:

        I am writing regarding your recent termination from J.R. Brower. Jeff

Case No.
3:16-cv-05174-RJB                          14

AMENDED
COMPLAINT

Stowe local 66's business representative, investigated the facts surrounding

your termination.  As you are aware local 66 assisted you in insuring that

you receive your unemployment. In addition, Mr. Stowe has ensured that

you receive the pay owed to you by Brower.    At this point, the local

considers this matter closed.

In addition, I understand that you may have implicitly threatened

some kind of action against Mr. Stowe.  Please know that local 66 takes

such matters very seriously, and any threats against its a gents will be

reported to the proper authorities ."

Then it is signed and "cc"'d to Rep Stowe and Mr. Carter.

54)  Rep Stowe did not file a grievance for Plaintiff.  Plaintiff was

never invovled in a investigation other than his own.  Plaintiff gave Rep

Stowe the names of key witnesses that would clear Plaintiff's name.

Plaintiff pointed out to Rep Stowe discrepancies in Brower stories.  Plaintiff

reported to Rep Stowe the harassment of Mr. Hicks towards Plaintiff.

When Plaintiff wanted to be made whole Rep Stowe didn't represent

Plaintiff.  When Plaintiff initially complained, Rep Stowe passed Plaintiff off

to someone else that Rep Stowe knew was very busy with negociations.

When Rep Stowe realized his giant mistake he lied and tried to manipulate

Plaintiff.  When that didn't work Rep Stowe and Mr. Hutzenbiler blocked

Plaintiff from exercising his rights under the CBA by threatening him with

penalties if he kept exercising his rights.

Case No.
3:16-cv-05174-RJB

AMENDED
COMPLAINT

15

William L McVeigh
Plaintiff in Pro Per

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT and BREACH OF FAIR DUTY OF REPRESENTATION

55)  The Plaintiff realleges and incorporates by reference each each and every allegation contained in paragraphs 1 to 50 as though fully set forth herein.

56)  Owner Harnish, FABCHR Saunders, and Mr. Hicks, conspired to deceive Local 66 about the actual reason Brower terminated Plaintiff.  Mr. Hicks' statement was dated the 13th of August, 2015.  Rep Stowe's email to Plaintiff on the 14th of August, 2015, stated Mr. Hutzenbiler had sent a request to Brower.    Plaintiff was diligent in his efforts to try and get answers to why he was terminated.  Plaintiff went to L&I to get some of his final pay.  Plaintiff sent a request for grievance the President  of Union. Local 66 never got back to Plaintiff.  The NLRB did get back to Plaintiff stating Local 66 believed since there was no just cause provision in the CBA it wouldn't survive the grievance process.  Plaintiff believes it would survive the grievance process.   Brower allows Mr. Hicks to keep his employment is a double standard.  Plaintiff has not received hisdue process to have his grievances heard.  Plaintiff still hasn't recieved his final pay, termination slip, or standby pay thatare all written specificlly in the CBA. The testimony ALJ Goodwin recorded shows Browers malice directed towards Plaintiff and the unfair representation of Local 66 towards it's members.   The Fact that Brower filed a lawsuit the day after terminating Plaintiff, against the Local 66 Trust Fund is not a good enough reason for Rep Stowe to not represent Plaintiff in matters of employment.  Rep Stowe

Case No.
3:16-cv-05174-RJB                    16

AMENDED
COMPLAINT

1   passed off Plaintiff's rights to Mr. Hutzenbiler.  Mr. Hutzenbiler then passed

2   Plaintiff's rights to Mr.Medlin.  Mr. Medlin then took Plaintiff's rights, and

3   not his suggestions, and threw some away because he wanted to argue.

4   Even though Plaintiff did get his ESD benefits reinstated, the Public Record

5   shows derogatory remarks about Plaintiff as facts.   Mr Medlin's actions

6   were unprofessional.  Mr. Medlin repeatedly asked Plaintiff for a copy of

7   the OAH decision.   Plaintiff asked Mr. Medlin for a copy of Brower's

8   allegations sent to the PLLP office.  Mr. Medlin received the OAH decision

9   from Plaintiff.   Plaintiff did not receive Brower's allegations from Mr.

10  Medlin.

11       57) By engaging in the foregoing conduct Climate Changers Inc., JW

12  Brower Heating and Air Conditioning and International Association of

13  Sheet Metal, Air, Rail, and Transportation Workers, Local 66 have violated

14  William  L  McVeigh's  rights  under  Labor  Management  Relations

15  Act(LMRA) § 301(a), (1976), 29 U.S.C. § 185(a) (1976).

16       58)  By acting as aforedescribed, Climate Changers Inc., JW Brower

17  Heating and Air Conditioning and International Association of Sheet Metal,

18  Air, Rail, and Transportation Workers, Local 66 acted with malice or with

19  disregard for William L McVeigh's rights, causing William L McVeigh

20  insomnia, anxiety, depression, stress, kidney stones, headaches, hives, loss

21  of pride, loss relationship,loss of selfrespect, anger, anguish, loss of wages,

22  loss of benifits, loss of future wages, and entitling William L McVeigh to be

23  made whole in every way.

24

25
## SECOND CAUSE OF ACTION

### BREACH OF CONTRACT and BREACH OF FAIR DUTY OF REPRESENTATION

Case No.
3:16-cv-05174-RJB                                17

AMENDED
COMPLAINT

1

2      59) The Plaintiff realleges and incorporates by reference each each

3  and every allegation contained in paragraphs 1 to 50 AND 56 as though

4  fully set forth herein.

5      60) By engaging in the foregoing conduct Climate Changers Inc., JW

6  Brower Heating and Air Conditioning and International Association of

7  Sheet Metal, Air, Rail, and Transportation Workers, Local 66 have violated

8  William L McVeigh's rights under Labor Management Relations

9  Act(LMRA) § 301(a), (1976), 29 U.S.C. § 185(a) (1976).

10     61) By acting as aforedescribed, Climate Changers Inc., JW Brower

11  Heating and Air Conditioning and International Association of Sheet Metal,

12  Air, Rail, and Transportation Workers, Local 66 acted with malice or with

13  disregard for William L McVeigh's rights, causing William L McVeigh

14  insomnia, anxiety, depression, stress, kidney stones, headaches, hives, loss

15  of pride, loss relationship,loss of selfrespect, anger, anguish, loss of wages,

16  loss of benifits, loss of future wages, and entitling William L McVeigh to be

17  made whole in every way.

18

19               **THIRD CAUSE OF ACTION**

20        **Intentional Infliction of Emotional Distress**

21     62) The Plaintiff realleges and incorporates by reference each each

22  andevery allegation contained in paragraphs 1 to 50 and 56 as though fully

23  set forth herein.

24     63) By engaging in the foregoing conduct Climate Changers Inc., JW

25  Brower Heating and Air Conditioning and International Association of

  Sheet Metal, Air, Rail, and Transportation Workers, Local 66 have violated

Case No.
3:16-cv-05174-RJB      18

AMENDED
COMPLAINT

William L McVeigh
Plaintiff in Pro Per

1   William L McVeigh's rights under public policy.

2   64)  By acting as aforedescribed, Climate Changers Inc., JW Brower

3   Heating and Air Conditioning and International Association of Sheet Metal,

4   Air, Rail, and Transportation Workers, Local 66 acted with malice or with

5   disregard for William L McVeigh's rights, causing William L McVeigh

6   insomnia, anxiety, depression, stress, kidney stones, headaches, hives, loss

7   of pride, loss relationship,loss of selfrespect, anger, anguish, loss of wages,

8   loss of benifits, loss of future wages, and entitling William L McVeigh to be

9   made whole in every way.

10

11   ## FOURTH CAUSE OF ACTION

12   ### Negligent Infliction of Emotional Distress

13   65)  The Plaintiff realleges and incorporates by reference each each

14   andevery allegation contained in paragraphs 1 to 50 and 56 as though fully

15   set forth herein.

16   66)  By engaging in the foregoing conduct Climate Changers Inc., JW

17   Brower Heating and Air Conditioning and International Association of

18   Sheet Metal, Air, Rail, and Transportation Workers, Local 66 have violated

19   William L McVeigh's rights under public policy.

20   67)  By acting as aforedescribed, Climate Changers Inc., JW Brower

21   Heating and Air Conditioning and International Association of Sheet Metal,

22   Air, Rail, and Transportation Workers, Local 66 acted with malice or with

23   disregard for William L McVeigh's rights, causing William L McVeigh

24   insomnia, anxiety, depression, stress, kidney stones, headaches, hives, loss

25   of pride, loss relationship,loss of selfrespect, anger, anguish, loss of wages,

loss of benifits, loss of future wages, and entitling William L McVeigh to be

Case No.
3:16-cv-05174-RJB                    19

AMENDED
COMPLAINT
                                          William L McVeigh
                                          Plaintiff in Pro Per

1   made whole in every way.

2

3   ## FIFTH CAUSE OF ACTION

4   ### WRONGFUL DISCHARGE

5   68)  The Plaintiff realleges and incorporates by reference each each

6   andevery allegation contained in paragraphs 1 to 50 and 56 as though fully

7   set forth herein.

8   69)  By engaging in the foregoing conduct Climate Changers Inc., JW

9   Brower Heating and Air Conditioning and International Association of

10  Sheet Metal, Air, Rail, and Transportation Workers, Local 66 have violated

11  William L McVeigh's rights under the public policy.

12  70)  By acting as aforedescribed, Climate Changers Inc., JW Brower

13  Heating and Air Conditioning and International Association of Sheet Metal,

14  Air, Rail, and Transportation Workers, Local 66 acted with malice or with

15  disregard for William L McVeigh's rights, causing William L McVeigh

16  insomnia, anxiety, depression, stress, kidney stones, headaches, hives, loss

17  of pride, loss relationship,loss of selfrespect, anger, anguish, loss of wages,

18  loss of benifits, loss of future wages, and entitling William L McVeigh to be

19  made whole in every way.

20  ## SIXTH CAUSE OF ACTION

21

22

23  65)  The Plaintiff realleges and incorporates by reference each each

24  andevery allegation contained in paragraphs 1 to 50 and 56 as though fully

25  set forth herein.

    66)  By engaging in the foregoing conduct Climate Changers Inc., JW

Case No.
3:16-cv-05174-RJB                        20

AMENDED
COMPLAINT                                        William L McVeigh
                                                 Plaintiff in Pro Per

1   Brower Heating and Air Conditioning and International Association of

2   Sheet Metal, Air, Rail, and Transportation Workers, Local 66 have violated

3   William L McVeigh's rights under public policy.

4       67)  By acting as aforedescribed, Climate Changers Inc., JW Brower

5   Heating and Air Conditioning and International Association of Sheet Metal,

6   Air, Rail, and Transportation Workers, Local 66 acted with malice or with

7   disregard for William L McVeigh's rights, causing William L McVeigh

8   insomnia, anxiety, depression, stress, kidney stones, headaches, hives, loss

9   of pride, loss relationship,loss of selfrespect, anger, anguish, loss of wages,

10  loss of benifits, loss of future wages, and entitling William L McVeigh to be

11  made whole in every way.

12

13                  **<u>PRAYER FOR RELIEF</u>**

14

15  WHEREFORE, William L McVeigh prays that this Court enters judgement

16  against Climate Changers Inc., JW Brower Heating and Air Conditioning

17  and International Association of Sheet Metal, Air, Rail, and Transportation

18  Workers, Local 66 as follows:

19  1.  For general damages of $3,119,001.60,

20  2.  For special damages of $75,749.00,

21  3.  For exemplary and/or punitive damages of $12,478,06.40,

22  4.   For Defendant's to be rehabilitated with personal, professional, and

23  social deterrence, and

24  5.  For such other relief as the Court may deem just and proper.

25

Case No.
3:16-cv-05174-RJB                    21

AMENDED
COMPLAINT

William L McVeigh
Plaintiff in Pro Per

1

2    Plaintiff, William L McVeigh, hereby demands a trial by jury on all claims.

3

4

5

6    Dated this 10 day of MAY , 2016

7                                                    William L McVeigh

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Case No.
3:16-cv-05174-RJB                          22
AMENDED
COMPLAINT

William L McVeigh
Plaintiff in Pro Per

HONORABLE ROBERT J. BRYAN

FILED _____ LODGED
_____ RECEIVED

MAY 10 2016

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM L MCVEIGH,

      Plaintiff,

    vs.

CLIMATE CHANGERS, INC. et al.,

      Defendant(s)

Case No.
3:16-cv-05174-RJB

CERTIFICATE
OF SERVICE

I certify that on May 10th, 2016, I mailed by United States Postal Service the foregoing AMENDED COMPLAINT on the following:

Daniel Hutzenbiler, 2101 4th ave STE 1000, Seattle, WA 98121

Bradley Medlin, 2101 4th ave STE 1000, Seattle, WA 98121

J. Roderik Stephens, 300 North Meridian, Puyallup, WA 98371

Dated on this 10th day of May, 2016

William L McVeigh
Plaintiff in Pro Per

1

No. 3:16-cv-05174-RJB
CERTIFICATE OF SERVICE

William L McVeigh
Plaintiff in Pro Per