UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM L. MCVEIGH,<br><br>        Plaintiff,<br><br>    v.<br><br>CLIMATE CHANGERS INC., JW BROWER HEATING AND AIR CONDITIONING; and INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL, AND TRANSPORTATION WORKERS, LOCAL 66,<br><br>        Defendants. | CASE NO. C16-5174 RJB<br><br>ORDER ON DEFENDANT LOCAL 66'S MOTION FOR RECONSIDERATION |

This matter comes before the Court on Defendant International Association of Sheet, Metal Air, Rail, and Transportation Workers Local 66's ("Local 66") Motion to Reconsider the Court's May 26, 2016 Order Granting Plaintiff's Motion to Disqualify. Dkt. 32. The Court has considered the motion and the remainder of the file herein.

On March 4, 2016, Plaintiff filed a civil action, alleging claims against his former employer and a labor union "pursuant to Section 301 of the Labor Management Relations Act

and 29 U.S.C. § 185." Dkt. 1-1.  Plaintiff asserts that there was "no just cause" for his termination for "misconduct" or "sexual harassment." *Id.*  He alleges he was not fully paid for all the hours he worked. *Id.*  Plaintiff maintains that Local 66 "did not preform [sic] their duty of fair representation." *Id.*, at 8.  Plaintiff seeks damages, attorneys' fees, and to "have JW Brower recind [sic] all allegations make about me." *Id.*

On May 3, 2016, Plaintiff filed a motion to disqualify Bradley Medlin, Daniel Hutzenbiler, and the law firm of Robblee Detwiler & Black, arguing that Mr. Medlin, Mr. Hutzenbiler, and the law firm represented him in matters that bore a "substantial relationship" to this case.  Dkt. 20.  The motion was noted for consideration on Friday, May 20, 2016. *Id.*

Defendant Local 66 responded.  Dkt. 24.  Plaintiff filed a reply on Monday May 23, 2016.  Dkt. 25.  The Court considered all the pleadings filed, including Plaintiff's reply, in the May 26, 2016 decision.  Dkt. 26.

Local 66 now asks the Court to reconsider the decision disqualifying its counsel, arguing that it did not have an opportunity to respond to the contents of Plaintiff's late filed reply and so there are new facts and/or legal authority for the Court to consider.  Dkt. 32.  It also argues that the Court committed manifest error in the decision and urges the Court to reverse the decision. *Id.*

Local Rule W.D. Wash. 7(h)(1) provides: "[m]otions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."  Local Rule 7(h)(3) provides further that: "[n]o response to a motion for reconsideration shall be filed unless requested by the court. No motion for reconsideration will be granted without such a request."

Plaintiff should be given an opportunity to reply to Local 66's motion for reconsideration. Such a response, if any, should be filed on or before June 15, 2016. Local 66's reply, if any, should be filed by June 17, 2016. The motion for reconsideration should be renoted for June 17, 2016.

Therefore, it is hereby **ORDERED** that:

- Defendant International Association of Sheet, Metal Air, Rail, and Transportation Workers Local 66's Motion to Reconsider the Court's May 26, 2016 Order Granting Plaintiff's Motion to Disqualify (Dkt. 32) is **RENOTED** to June 17, 2016; and

- Plaintiff's response, if any, should be filed on or before **June 15, 2016**, and Local 66's reply, if any, should be filed on or before **June 17, 2016**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 10th day of June, 2016.

*Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge