UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM L. MCVEIGH,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CLIMATE CHANGERS INC., JW BROWER HEATING AND AIR CONDITIONING; and INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL, AND TRANSPORTATION WORKERS, LOCAL 66,<br><br>　　　　　Defendants. | CASE NO. C16-5174 RJB<br><br>ORDER ON DEFENDANT LOCAL 66'S MOTION FOR RECONSIDERATION |

This matter comes before the Court on Defendant International Association of Sheet, Metal Air, Rail, and Transportation Workers Local 66's ("Local 66") Motion to Reconsider the Court's May 26, 2016 Order Granting Plaintiff's Motion to Disqualify. Dkt. 32. The Court has considered the pleadings filed regarding the motion and the remainder of the file herein.

On March 4, 2016, Plaintiff filed a civil action, alleging claims against his former employer and a labor union "pursuant to Section 301 of the Labor Management Relations Act

and 29 U.S.C. § 185." Dkt. 1-1.  In his Amended Complaint, Plaintiff asserts that there was no just cause for his termination for misconduct or sexual harassment. Dkt. 27.  He alleges he was not fully paid for all the hours he worked. *Id*. Plaintiff maintains that Local 66 violated their duty of fair representation. *Id*., at 16-18.  The Amended Complaint includes claims for wrongful discharge, breach of contract, breach of the duty of fair representation, and intentional and negligent infliction of emotional distress. *Id*.  Plaintiff seeks damages, attorneys' fees, and "[f]or Defendant's [sic] to be rehabilitated with personal, professional, and social deterrence." *Id.*

## FACTS

On May 3, 2016, Plaintiff filed a motion to disqualify Bradley Medlin, Daniel Hutzenbiler, and the law firm of Robblee Detwiler & Black, arguing that Mr. Medlin, Mr. Hutzenbiler, and the law firm represented him in matters that bore a "substantial relationship" to this case. Dkt. 20.  The motion was noted for consideration on Friday, May 20, 2016. *Id.*

Defendant Local 66 responded.  Dkt. 24.  Plaintiff filed a reply on Monday May 23, 2016.  Dkt. 25.  The Court considered all the pleadings filed, including Plaintiff's reply, in the May 26, 2016 decision.  Dkt. 26.

The May 26, 2016 decision provided:

> **Motion to Disqualify**. . . . According to Plaintiff, after his termination, Mr. Medlin represented him in an administrative hearing in order to successfully contest Brower's opposition to Plaintiff's receiving unemployment. Dkt. 25. Plaintiff states that further, "[b]y email [he] inquired about grievances, wrongful [sic] termination, the allegations sent to Mr. Hutzenbiler by Climate Changers/JW Brower about me, and my final pay I was due." *Id.,* at 3.  He asserts that Mr. Medlin and Mr. Hutzenbiler "have both been privy to my personal thoughts about my termination and the effects that it is causing me through phone calls and emails that gives [sic] them an unfair advantage over me as a pro se litigant." *Id.*
> Local Rule W.D. Wash. 83.3 (a)(2) provides that "[i]n order to maintain the effective administration of justice and the integrity of the court, attorneys appearing in this district shall . . . comply with . . . the Washington Rules of Professional Conduct ("RPC")."  RPC 1.9(a), Duties to Former Clients, provides: "[a] lawyer who has formerly represented a client in a matter shall not thereafter

represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing."

While this is not a clear cut situation, in an abundance of caution, Plaintiff's motion to disqualify Bradley Medlin, Daniel Hutzenbiler, and the law firm of Robblee Detwiler & Black from representing Local 66 in this case (Dkt. 20) should be granted. In support of his motion, Plaintiff has attached the decision of the Administrative Law Judge from the dispute over his unemployment benefits. Dkt. 25, at 4-7. The decision specifically discusses the circumstances of Plaintiff's termination in considering the question before it: whether Plaintiff should have been disqualified from benefits if he was discharged for misconduct. *Id.* In this case, Plaintiff is alleging, in part, that he was wrongfully terminated, his employment contract was breached, and Local 66 breached the duty of fair representation. Dkt. 23. Mr. Medlin is listed in the ALJ's decision as Plaintiff's attorney and Plaintiff indicates that Mr. Medlin actively participated as his lawyer. Dkt. 25, at 1-2, and 4. The issues before the ALJ and some of the ones raised here are "substantially related" and Plaintiff's interest may be materially adverse to Local 66's interest such that these lawyer's continued representation of Local 66 in this case may well run afoul of the RPCs. As is clear in this motion, Plaintiff certainly has not given informed consent, confirmed in writing, for such representation.

Further, Plaintiff also indicates that he consulted with Mr. Hutzenbiler regarding the filing of grievances. Dkt. 25, at 1-3. Plaintiff makes a claim against Local 66 for failure to properly represent him. RPC 3.7 generally prohibits lawyers acting as witness at trial. As to the claim for breach of the duty of fair representation, it is not inconceivable that Mr. Hutzenbiler may have to testify at trial.

Local 66 responds, and argues that Bradley Medlin, Daniel Hutzenbiler, and the law firm of Robblee Detwiler & Black did not represent Plaintiff. Dkt. 24. It argues that Local 66 was their client, not Plaintiff. *Id.* It asserts that all work done in association with Plaintiff's termination was done at the direction of and paid for by Local 66. *Id.* Local 66 points to *Peterson v. Kennedy,* 771 F.2d 1241 (9th Cir. 1985) in support of their position that Local 66 and not Plaintiff was their client. In *Peterson,* the Ninth Circuit held that Labor Management Relations Act §301 (b) immunity extends to union agents, including attorneys, explaining that "attorneys who perform services for and on behalf of a union may not be held liable in malpractice to individual grievants where the services the attorneys perform constitute a part of the collective bargaining process." *Id*. at 1256. "[W]hether it be house counsel or outside union counsel, where the union is providing the services, the attorney is hired and paid by the union to act for it in the collective bargaining process," and so, cannot be sued for malpractice by the individual grievant. *Breda v. Scott,* 1 F.3d 908, 909 (9th Cir. 1993)(*internal citations omitted).* The *Peterson* Court noted that an attorney acting on behalf of the union in representing a grievant has not entered into "an attorney-client relationship in the ordinary sense with the particular union member who is

> asserting the underlying grievance. Although the attorney may well have certain ethical obligations to the grievant, his principal client is the union." *Id*.
>
> Unlike in *Peterson* or *Breda,* Plaintiff here is not making a claim for malpractice against the attorneys currently representing the union, and so application of the law of those cases is not that helpful. Plaintiff here seeks disqualification of these attorneys and the law firm based on the ethical obligations they had, and have, to him. Although the attorneys here argue that at no time did they ever represent Plaintiff, Mr. Medlin filed a Notice of Appearance indicating representation of Plaintiff with the Office of Administrative Hearings. Dkt. 25, at 10. Even if his relationship with Plaintiff was not an "ordinary one," he and his firm still had, and have, ethical obligations to Plaintiff as stated in *Peterson*. In an effort to ensure the integrity of these proceedings, Local 66's current counsel should be disqualified.

Dkt. 26.

Local 66 now asks the Court to reconsider the decision disqualifying its counsel, arguing that it did not have an opportunity to respond to the contents of Plaintiff's late filed reply and so there are new facts and/or legal authority for the Court to consider. Dkt. 32. It also argues that the Court committed manifest error in the decision and urges the Court to reverse the decision. *Id.*

A briefing schedule was set on the motion for reconsideration, the Plaintiff filed a Response (Dkt. 35) and Local 66 filed a Reply (Dkt. 36). The motion is now ripe.

## **DISCUSSION**

Local Rule W.D. Wash. 7(h)(1) provides: "[m]otions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."

Local 66's motion for reconsideration of the Court's May 26, 2016 Order granting Plaintiff's motion to disqualify (Dkt. 32) should be denied. It has not made a showing of a "manifest error in the prior ruling or a showing of new facts or legal authority which could not

have been brought to [the Court's] attention earlier with reasonable diligence." The May 26, 2016 decision (Dkt. 26) should be affirmed.

Local 66 complains that the Court should not have considered Plaintiff's late filed reply because it did not have an opportunity to respond to Plaintiff's assertions. Dkt. 32. In order to fully consider the issues, the Court considered all the pleadings filed, including Plaintiff's reply (which was filed on Monday, rather than the prior Friday), in the May 26, 2016 decision. Particularly now that Local 66 has filed this motion, and supporting declaration, the Court's consideration of the late filed pleadings is not a basis to grant the motion for reconsideration.

Local 66 argues that the Court manifestly erred by applying the incorrect standard for a motion to disqualify. Dkt. 32. It argues that instead of subjecting the motion to "strict judicial scrutiny," to avoid the likelihood of misuse of the motion as a tool of harassment, the Court used the standard "in an abundance of caution" and noted that this was not a "clear cut situation." This does not provide a basis to grant the motion for reconsideration. The Court did exercise "strict judicial scrutiny" in determining whether to grant the motion. The phrase "in an abundance of caution" was used as an introduction, and was not intended to lay out the standard used. The fact there was a close question on the extent of counsels' earlier representation also does not merit reversal of the prior order.

Local 66 argues that its counsel should not be disqualified under RPC 1.9. Dkt. 32. As stated in the prior order, Local Rule W.D. Wash. 83.3 (a)(2) provides that "[i]n order to maintain the effective administration of justice and the integrity of the court, attorneys appearing in this district shall . . . comply with . . . the Washington Rules of Professional Conduct ("RPC")." RPC 1.9(a), Duties to Former Clients, provides: "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter

FOR RECONSIDERATION- 5

in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing." Local 66 argues that Mr. Medlin, Mr. Hutzenbiler, and the law firm of Robblee Detwiler & Black did not represent Plaintiff. *Id.* In his Declaration in support of the motion for reconsideration, Mr. Medlin states that he filed a notice of appearance in the Employment Security Department proceedings "because [he] felt that [he] was compelled to do so after the Administrative Law Judge noted that no appearance had been entered." Dkt. 32-1, at 2. He maintains that his "participation in the [Employment Security Department] hearing was at the direction of, and on behalf of Local 66." *Id.* Mr. Medlin asserts that "[a]t no time did I form an attorney-client relationship with Plaintiff." *Id.* Likewise, Mr. Hutzenbiler also maintains that he has never served as Plaintiff's attorney. Dkt 24.

Local 66's contention that Mr. Medlin did not represent Plaintiff is without merit. In the Washington State Bar Ethics Advisory Opinion 1411, the Committee on Professional Ethics opined that "the attorney-client relationship exists when a reasonable client believes that there is such a relationship." Washington State Bar Ethics Advisory Opinion 1411 (1991). Aside from its assertions, Local 66 makes no showing that a reasonable client would not believe there is no attorney-client relationship when an attorney has filed a notice of appearance for him. That opinion further provides:

> The Committee has previously determined that information obtained during an initial interview with a prospective client would rise to the level of secrets or confidences and that that information could not be disclosed by the lawyer except in compliance with RPC 1.6.
>
> If an individual interviewed a firm for purposes of representation and the lawyer or law firm were not retained, it would be a conflict of interest for the lawyer or a member of the law firm to subsequently undertake to represent a third party in a matter adverse to the original prospective client in a related matter or in

a matter involving confidences or secrets of the prospective client. The
Committee is of the opinion that RPC 1.9 would apply in such a situation.

*Id*.  Local 66 has not shown that the Court made a manifest error in determining that Mr. Medlin and Mr. Hutzenbiler had attorney-client relationships with Plaintiff, and they also had duties to Plaintiff under RPC 1.9.

Local 66 argues that Plaintiff's claims in the Employment Securities Department and his current claims against Local 66, that it breached the duty of fair representation are not "substantially related."  Dkt. 32.

The "duty of fair representation is the obligation to serve the interests of all members of a bargaining unit without hostility or discrimination toward any, to exercise ... discretion with complete good faith and honesty, and to avoid arbitrary conduct."  *United Bhd. of Carpenters & Joiners of Am. v. Metal Trades Dep't, AFL-CIO*, 770 F.3d 846, 849 (9th Cir. 2014)(*internal quotations and citations omitted*).  In the Ninth Circuit, "[a] union acts arbitrarily if it ignores a meritorious grievance or processes it in a perfunctory fashion."  *Dutrisac v. Caterpillar Tractor Co.*, 749 F.2d 1270, 1272 (9th Cir. 1983).

Plaintiff asserts that Mr. Medlin heard of the facts regarding Plaintiff's termination, from Plaintiff's perspective (including Plaintiff's thoughts on his claim that he was improperly terminated), in the Employment Securities Department proceedings.  Plaintiff also asserts that he told Mr. Hutzenbiler of his version of the facts and his opinion of the propriety of his termination.  The issue of whether Local 66 "ignored a meritorious grievance or processe[d] it in a perfunctory fashion" is substantially related and intertwined with whether Plaintiff was improperly terminated here.  The Court makes **no** finding regarding the merit of the claims at issue.

Local 66 points to *Tisby v. Buffalo Gen. Hosp.*, 157 F.R.D. 157 (W.D.N.Y. 1994), in which a New York Court found that in that a union's counsel should not be disqualified. This case is not binding on this Court, and does not apply the Washington State Rules of Professional Conduct. It is not persuasive.

Although Local 66 argues that its lawyers should also not be disqualified under RPC 3.7 (which addresses the propriety of lawyers acting as witnesses) because Plaintiff has not stated that he intends to use these lawyers as witnesses (Dkt. 32), Plaintiff now states that he intends to call Mr. Medlin and Mr. Hutzenbiler at trial (Dkt. 35). While it is unclear whether the evidence would be obtainable elsewhere, RPC 3.7 also raises concerns about their continued representation of the union.

The motion for reconsideration (Dkt. 32) should be denied and the May 26, 2016 Order granting the motion for disqualification (Dkt. 26) should be affirmed. Local 66 should be afforded one more extension of time, until July 15, 2016, to secure other counsel. (Local Rule 83.2 (b)(3) requires business entities to be represented by counsel.) The current deadlines in the case: the FRCP 26f Conference Deadline - 7/5/2016; Initial Disclosure Deadline - 7/11/2016; and the Joint Status Report due by 7/18/2016, should be reset to: FRCP 26f Conference Deadline is reset to 8/1/2016; Initial Disclosure Deadline is reset to 8/15/2016; and the Joint Status Report due by 8/29/2016.

**ORDER**

Therefore, it is hereby **ORDERED** that:

- Plaintiff's Motion to Reconsider Minute Order Regarding Discovery and Depositions (Dkt. 16) is **DENIED;**
- Local 66 is granted until **July 15, 2016**, to secure other counsel; and

- The current deadlines in the case: **ARE RESET** to: FRCP 26f Conference Deadline is 8/1/2016; Initial Disclosure Deadline is 8/15/2016; and the Joint Status Report due by 8/29/2016.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 20th day of June, 2016.

*Robert J. Bryan* (signature)

ROBERT J. BRYAN
United States District Judge

ORDER ON DEFENDANT LOCAL 66'S MOTION
FOR RECONSIDERATION- 9