UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM L. MCVEIGH,<br><br>                Plaintiff,<br><br>    v.<br><br>CLIMATE CHANGERS INC., JW BROWER HEATING AND AIR CONDITIONING; and INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL, AND TRANSPORTATION WORKERS, LOCAL 66,<br><br>                Defendants. | CASE NO. C16-5174 RJB<br><br>ORDER ON PLAINTIFF'S MOTION FOR A MORE DEFINITE STATEMENT, MOTION FOR DEFAULT AND MOTION FOR JOINDER OF THE NLRB |

This matter comes before the Court on Plaintiff's Motion for a More Definite Statement (Dkt. 66), Motion for Default Judgment (Dkt. 66), and Motion for Joinder by Court Order to Join National Labor Relations Board ('NLRB') as Party (Dkt. 65). The Court has considered pleadings filed regarding the motions and the remainder of the file herein.

ORDER ON PLAINTIFF'S MOTION FOR A
MORE DEFINITE STATEMENT, MOTION FOR
DEFAULT AND MOTION FOR JOINDER OF THE
NLRB- 1

On March 4, 2016, Plaintiff filed this civil action, alleging claims against his former employer and a labor union "pursuant to Section 301 of the Labor Management Relations Act and 29 U.S.C. § 185." Dkt. 1-1.  In his Third Amended Complaint, Plaintiff asserts that there was no just cause for his termination for misconduct or sexual harassment. Dkt. 60.  He alleges he was not fully paid. *Id*. Plaintiff maintains that the International Association of Sheet Metal, Air, Rail, and Transportation Workers, Local 66 ("Local 66") violated their duty of fair representation. *Id*. The Third Amended Complaint includes claims for breach of contract, breach of the duty of fair representation, defamation per se, and intentional and negligent infliction of emotional distress, and wrongful discharge. *Id*.  Plaintiff seeks damages, "[f]or Defendant(s) to be rehabilitated with personal, professional, and social deterrence," and for the Court to enforce a provision of the Collective Bargaining Agreement. *Id*.

Plaintiff filed his Third Amended Complaint on August 24, 2016.  Dkt. 60.  On September 9, 2016, Local 66 filed its Answer and asserted affirmative defenses. Dkt. 61.  It did not assert any counterclaims against Plaintiff. *Id.* On September 21, 2016, Climate Changers, Inc, a Washington Corporation, d/b/a J.W. Brower Heating and Air Conditioning ("Climate Changers") filed its Answer. Dkt. 63.  It also did not assert any counterclaims against Plaintiff. *Id.* On October 10, 2016, Defendant Marlene Harnish, the owner of Climate Changers, filed her Answer. Dkt. 71. She did not assert any counterclaims against Plaintiffs.

Plaintiff's motion for default judgment should be considered first, then his motion for a more definite statement, and lastly, his motion to join the NLRB as a defendant in this case, which the Court will construe as a motion for leave to file a Fourth Amended Complaint.

**Motion for Default**.  Pursuant to Federal Rule Civ. P. 55, default is entered against parties who have "failed to plead or otherwise defend."

ORDER ON PLAINTIFF'S MOTION FOR A
MORE DEFINITE STATEMENT, MOTION FOR
DEFAULT AND MOTION FOR JOINDER OF THE
NLRB- 2

1    Plaintiff's motion for default judgment (Dkt. 66) should be denied. All parties have now
2    filed Answers to the Third Amended Complaint. Dkts. 61, 63 and 71. Plaintiff is not entitled to
3    relief under Rule 55.

4    **Motion for a More Definite Statement**. Under Fed. R. Civ. P. 12(e), "[a] party may
5    move for a more definite statement of a pleading to which a responsive pleading is allowed but
6    which is so vague or ambiguous that the party cannot reasonably prepare a response." A motion
7    for a more definite statement "must point out the defects complained of and the details desired."
8    *Id.*

9    Plaintiff's motion for a more definite statement (Dkt. 66) should be denied. None of the
10   Defendants assert a counterclaim against him. Accordingly, their answers are not "pleadings to
11   which a responsive pleading is allowed." Further, Plaintiff failed to point to relevant defects in
12   the Answers or what details he desires. His motion is without merit and should be denied.

13   **Motion to Amend**. Fed. R. Civ. P. 15(a)(1), "[a] party may amend its pleading once as a
14   matter of course within (A) 21 days after serving it or (B) if the pleading is one to which a
15   responsive pleading is required, 21 days after service of a responsive pleading . . ." Rule (a)(2)
16   provides that "a party may amend its pleading only with the opposing party's written consent or
17   the court's leave. The court should freely give leave when justice so requires." A motion to
18   amend under Rule 15(a)(2), "generally shall be denied only upon showing of bad faith, undue
19   delay, futility, or undue prejudice to the opposing party." *Chudacoff v. University Medical Center*
20   *of Southern Nevada,* 649 F.3d 1143, 1152 (9th Cir. 2011).

21   Plaintiff's motion to join the NLRB as a defendant, which the court should construe as a
22   motion to for leave to file a Fourth Amended Complaint (Dkt. 65), should be denied as futile.
23   Plaintiff states that he seeks to add the NLRB as a defendant here because it denied him due
24

process when an agent "inform[ed] him that NLRB didn't handle cases with the employer" and when it "[broke] its duty of fair representation by keeping Plaintiff from said due process."

Fed. R. Civ. P. 19 (a) provides:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>     (i) as a practical matter impair or impede the person's ability to protect the interest; or
>     (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Plaintiff fails to show that the NLRB is an indispensible party. Plaintiff makes no showing that in the absence of the NLRB, the court cannot accord complete relief among the parties. Rule 19(a)(1)(A). Plaintiff asserts that the events regarding the NLRB occurred after the events giving rise to this action. Plaintiff also makes no showing the NLRB "claims an interest relating to the subject of the action" and "is so situated that disposing of the action in [its] absence may . . . impair or impede" this interest or leave "an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Rule 19(a)(1)(B).

Plaintiff also fails to show that the NLRB should be joined as a permissive party. Under Rule 20(a)(2), defendants may be permissively joined in an action if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

Plaintiff has not shown that any right to relief is asserting "jointly, severally or in the alternative" against the NLRB and the other named Defendants here which arises "out of the same

ORDER ON PLAINTIFF'S MOTION FOR A
MORE DEFINITE STATEMENT, MOTION FOR
DEFAULT AND MOTION FOR JOINDER OF THE
NLRB- 4

transaction, occurrence, or series of transactions or occurrences." Plaintiff does not assert that there will be "any question of law or fact common to all defendants."

Further, to the extent that Plaintiff seeks name the NLRB in order to challenge the NLRB's failure to file a complaint for him, the motion to amend is futile. The National Labor Relations Act "plainly cannot be read to provide for judicial review of the [NLRB's] General Counsel's prosecutorial function." *NLRB v. United Food & Commercial Workers Union, Local 23,* 484 U.S. 112, 129 (1987).

Plaintiff's motion to file the fifth version of his complaint to name the NLRB as a defendant should be denied.

## ORDER

Therefore, it is hereby **ORDERED** that:

- Plaintiff's Motion for a More Definite Statement (Dkt. 66) **IS DENIED**;
- Plaintiff's Motion for Default Judgment (Dkt. 66) **IS DENIED**; and
- Plaintiff's Motion for Joinder by Court order to join National Labor Relations Board as Party (Dkt. 65) **IS DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 24th day of October, 2016.

ROBERT J. BRYAN
United States District Judge

ORDER ON PLAINTIFF'S MOTION FOR A
MORE DEFINITE STATEMENT, MOTION FOR
DEFAULT AND MOTION FOR JOINDER OF THE
NLRB- 5