UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM L. MCVEIGH,<br><br>        Plaintiff,<br><br>v.<br><br>CLIMATE CHANGERS INC., JW BROWER HEATING AND AIR CONDITIONING; INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL, AND TRANSPORTATION WORKERS, LOCAL 66; and MARLENE HARNISH,<br><br>        Defendants. | CASE NO. C16-5174 RJB<br><br>ORDER ON DEFENDANT LOCAL 66'S MOTION TO COMPEL AND ON PLAINTIFF'S MOTION TO QUASH, COMPEL AND DISCLOSE DEFENDANTS |

This matter comes before the Court on Defendant International Association of Sheet Metal, Air, Rail, and Transportation Workers, Local 66's ("Local 66" or "Union") Motion to Compel Discovery (Dkt. 84), Plaintiff's Motion to Quash, Compel and Disclose Defendants (Dkt. 87) and Defendants' motions for reasonable expenses (Dkts. 92 and 96). The Court has considered pleadings filed regarding the motions and the remainder of the file herein.

ORDER ON DEFENDANT LOCAL 66'S MOTION TO COMPEL AND ON PLAINTIFF'S MOTION TO QUASH, COMPEL AND DISCLOSE DEFENDANTS- 1

1        On March 4, 2016, Plaintiff filed this civil action, and now alleges claims against his

2  former employer, Climate Changers Inc. d/b/a J.W. Brower Heating and Air Conditioning

3  ("Brower"), its' president, Marlene Harnish, and Local 66 "pursuant to Section 301 of the Labor

4  Management Relations Act and 29 U.S.C. § 185." Dkt. 1-1.  In his Third Amended Complaint,

5  Plaintiff asserts that there was no just cause for his termination for misconduct or sexual

6  harassment. Dkt. 60.  He alleges he was not fully paid.  *Id*. Plaintiff maintains that Local 66

7  violated their duty of fair representation.  *Id*.  The Third Amended Complaint includes claims for

8  breach of contract, breach of the duty of fair representation, defamation per se, intentional and

9  negligent infliction of emotional distress, and wrongful discharge.  *Id*.  Plaintiff seeks damages,

10  "[f]or Defendant(s) to be rehabilitated with personal, professional, and social deterrence," and

11  for the Court to enforce a provision of the Collective Bargaining Agreement.  *Id*.

12                   **I.**     **FACTS RELEVANT TO THE MOTIONS**

13        On October 17, 2016, Local 66 served its First Interrogatories and Requests for

14  Production on Plaintiff. Dkt. 85-1, at 2-15.  Plaintiff sent his First Set of Answers and Responses

15  to Local 66 on November 21, 2016. Dkt. 85-1, at 17-29.  On November 29, 2016, Local 66

16  wrote to Plaintiff, informing him he provided incomplete answers, lodged multiple objections

17  and failed to produce documents in response to the Requests for Production.  Dkt. 85-1, at 31-38.

18  Local 66 further explained their interrogatories and agreed to extend the date for full answers and

19  production of documents to December 21, 2016.  *Id.*  Plaintiff did not respond. Dkt. 85, at 2.

20  Local 66's counsel attempted to contact Plaintiff twice via email.  *Id.*  On December 27, 2016,

21  Plaintiff responded and indicated that he was available for a call.  *Id.*  That same day, Plaintiff

22  served his second set of answers and responses. Dkt. 85-1, at 47- 64.  Local 66's counsel

23  contacted him again, and they agreed to meet on December 28, 2016 to discuss Plaintiff's

24

ORDER ON DEFENDANT LOCAL 66'S MOTION
TO COMPEL AND ON PLAINTIFF'S MOTION
TO QUASH, COMPEL AND DISCLOSE
DEFENDANTS- 2

incomplete answers and to inspect and copy documents. Dkt. 85, at 3. Plaintiff agreed to email counsel and let them know when to expect him. *Id.* Plaintiff did not email counsel, but appeared at counsel's office around the noon hour. *Id.* The receptionist told him counsel would return in a few minutes and that he was welcome to wait. Dkt. 86, at 2. Plaintiff gave the receptionist a thumb drive containing the record of his "October 22, 2015 OAH hearing" and left. *Id.* Five minutes later, Local 66's counsel returned to her office. Dkt. 85, at 4. Counsel attempted to contact Plaintiff by phone and by email. *Id.* He did not respond. *Id.* Local 66's instant Motion to Compel (Dkt. 84) followed.

Plaintiff filed a response to Local 66's Motion to Compel, discussed unrelated actions of Jay Roderik Stephens, counsel for Defendants Brower and Marlene Harnish (Dkt. 90, at 1-8) and asserts that counsel for Local 66 committed a fraud in regard to documents they filed (Dkt. 90, at 8-10). Plaintiff contends that he has sufficiently answered Local 66's questions and mailed 125 pages of documents to them. *Id.*, at 14. In his Response, Plaintiff also moves the Court for an:

> Order of Protection to stop the harassing behavior, Compel Marlene Harnish to produce Initial Disclosures pursuant to FRCP 26( a )( l)( D)&( E), Compel Mr. Stephens to withdraw as the attorney of record or file a Notice of Appearance on behalf of Marlene Harnish, compel Ms. Fix [Local 66's counsel] to cease her testimonies to what she is not a witness, compel Ms. Harnish to file Initial Disclosures, Compel Mr. Stephens to cease his shenanigans, to Order an In Camera Review of the National Labor Relations Board 's file of case #19-CB-169041, write a grievance to the Committee on Discipline to investigate the actions of Ms. Fix, Mr. Stephens, Bradley Medlin, and Daniel Hutzenbiler in this matter.

*Id.,* at 15. (These requests are repeated in his pending motion, and so will be addressed in this order's discussion of his motion.)

Local 66 filed a reply, and point out that only a few lines of Plaintiff's response is dedicated to the motion to compel. Dkt. 101. Local 66 acknowledges that Plaintiff sent it several pages of documents, but notes that he in no way indicated which documents responded to

ORDER ON DEFENDANT LOCAL 66'S MOTION
TO COMPEL AND ON PLAINTIFF'S MOTION
TO QUASH, COMPEL AND DISCLOSE
DEFENDANTS- 3

which Request for Production or that they were intended to respond to their Requests for Production at all. *Id.* Local 66 argues that it repeatedly tried to work with Plaintiff (particularly in light of his pro se status) to no avail. *Id.* It asserts that it should be awarded $3,645.00 in reasonable attorneys' fees for having to bring this motion. *Id.*

On January 5, 2017, Plaintiff filed the pending Motion to Quash, Compel, and Disclose Defendants. Dkt. 87. In this motion, Plaintiff states that "on December 29 and 30, 2016 along with 3 January, 2017, Plaintiff was served subpoenas from 'Claimate [sic] Changers INC, JW Brower, Marlene Harnish' represented by 'Roderick [sic] Stephens.'" Dkt. 87. He points out that the attendance date of the deposition was 6 January 2016 on the first subpoena, and notes that on the second one, a hand written change was made for the deposition date to be 6 January 2017. *Id.* Plaintiff also states that no per diem check came with the subpoena and that the name of the issuing court had been left blank. *Id.* He also discusses the time given him to respond to the subpoena. *Id*. Plaintiff moves to quash these subpoenas. *Id.* Plaintiff also moves for an order compelling Marlene Harnish to produce her Initial Disclosures and to compel Mr. Stephens to withdraw as the attorney of record or file a notice of appearance on behalf of Marlene Harnish. *Id.* Plaintiff states that he "believes that a collaboration has taken place to which both Defendant's [sic] representatives are a party and will need to call each as witnesses." *Id.,* at 3. He again asserts that counsel for Local 66 has deceived the Court. *Id.* Plaintiff maintains that the "evidence forces plaintiff to believe he has been the focus to a conspiracy. These legal representatives are running free breaking the laws they should be protecting." *Id.*, at 4. Lastly, Plaintiff also moves the Court to "issue a subpoena to view in camera the complete file for case # 19-CB-169041, if required write a grievance to the Committee on Discipline" and for an order protecting Plaintiff from "further misleadings [sic] of Defendant counsel." *Id.*

1       Brower and Ms. Harnish filed a response and argue that Plaintiffs' motion should be

2 denied. Dkt. 96. They point out that Plaintiff acknowledges that Brower timely filed initial

3 disclosures, and state that Ms. Harnish, as the only owner of this three person company,

4 expressly adopts those disclosures. *Id.* Brower and Harnish note that Plaintiff failed to follow

5 Local Rule W.D. of Wash. 37 (a), which requires parties to meet and confer to try to resolve the

6 dispute discovery disputes before a motion to compel is filed. *Id.* They also point out that

7 Plaintiffs' meritless attacks on counsel and this frivolous motion have needlessly increased the

8 cost of litigation. *Id*. For his failure to adhere to Local Rule 37 (a) and his filing of this

9 allegedly meritless motion contrary to Fed. R. Civ. P. 11, Brower and Harnish seek an award of

10 $3,800 in reasonable expenses. *Id*.

11       Local 66 filed a Response to Plaintiff's motion, arguing that to the extent that Plaintiff

12 seeks an order compelling counsel to act as a witness in this case, the motion should be denied

13 because it has no merit. Dkt. 92. It also opposes Plaintiff's motion for the Court to issues a

14 subpoena to the National Labor Relations Board. *Id.* Local 66 points out that the discovery

15 deadline, January 23, 3017, has now passed. *Id.* It argues that his requests for relief should be

16 denied. *Id.* Local 66 also points out that Plaintiff failed to follow Local Rule 37(a). *Id*. Local

17 66 asserts that no meet and confer has taken place. *Id.* Local 66 also moves for an award of

18 reasonable expenses of $1,642.50 it incurred in opposing Plaintiffs' motion. *Id.*

19       Plaintiff filed replies (Dkt. 103 and 104) and the motion is ripe for review.

20       On January 20, 2017, Plaintiff filed a pleading indicating that he had attended a videotaped

21 deposition. Dkt. 105.

ORDER ON DEFENDANT LOCAL 66'S MOTION
TO COMPEL AND ON PLAINTIFF'S MOTION
TO QUASH, COMPEL AND DISCLOSE
DEFENDANTS- 5

This opinion will first discuss the general standard regarding discovery, then Local 66's motion to compel, Plaintiff's motion for various relief, and lastly the Defendants' motions for attorney's fees.

## II. DISCUSSION

### A. STANDARD REGARDING DISCOVERY GENERALLY

Fed. R. Civ. P. 26 (b)(1) provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

### B. LOCAL 66'S MOTION TO COMPEL

Under Fed. R. Civ. P. 37 (a)(3)(B), "[a] party seeking discovery may move for an order compelling an answer, designation, production or inspection" if "a party fails to answer an interrogatory submitted under Rule 33" or "a party fails to produce documents . . . as requested under Rule 34." Evasive or incomplete answers and responses are treated as a failure to answer or respond. Rule 37 (a)(4).

Local 66's motion for an order compelling Plaintiff to fully answer their interrogatories (Dkt. 84) should be granted.

Interrogatory No. 3 asked Plaintiff to identify "each person you are aware of who has knowledge of the facts alleged in the Complaint" along with "the information that the individual knows about the facts that you alleged in the Complaint." Plaintiff's response, that he "cannot identify all persons with knowledge of the facts alleged in the complaint" and that he "cannot

identify the subjects of knowledge of the facts alleged in the complaint," (Dkt. 85-1, at 52) is insufficient. Plaintiff filed this case and authored the allegations in the complaint. He should be ordered to fully answer Interrogatory No. 3.

Likewise, Plaintiff should be ordered to fully answer Interrogatories Nos. 4 and 5, both of which ask him to describe the facts upon which he bases his claims for breach of the duty of fair representation and breach of contract against Local 66. His answers to both were incomplete and failed to provide even basic facts. He responded to Interrogatory No. 4 by objecting, asking for more clarification, and stating that "I make my claim of breach of Local 66's duty of fair representation to me on the fact that Local 66 treated my grievances dishonestly, arbitrarily, and in bad faith." Dkt. 85-1, at 52. In response to Interrogatory No. 5 Plaintiff objected, asked for more clarification, and stated "[t]he base fact upon which I claim for breach of contract against Local 66 is that Local 66 failed to follow the collective bargaining agreement that it was a party to and in doing so, violated my rights." Dkt. 85-1, at 53. Neither of these answers are sufficient. Plaintiff should be ordered to fully answer those interrogatories.

In Interrogatory No. 7, Local 66 asked Plaintiff to identify the amounts of general damages, special damages, and exemplary damages and explain in detail the calculations of the same. Plaintiff's answer only identified that he was seeking over $15,000,000, but failed to provide the amount of any type of damage claimed or any facts supporting those claimed damages. He should be ordered to fully answer Interrogatory No. 7.

Further, Plaintiff should be ordered to respond to Local 66's Request for Production. While Plaintiff has delivered several pages of documents to Local 66, he has a duty to identify which document[s] he intends to respond to which Request for Production. His responses to date are insufficient.

1   A deadline should be set for Plaintiff to full respond to Local 66's Interrogatories and

2  Requests for Production.  Plaintiff should provide complete responses and answers to Local 66's

3  Interrogatories and Requests for Production on or before **February 10, 2017.**

4              **C.  PLAINTIFF'S MOTION TO QUASH, COMPEL AND DISCLOSE**

5   **Motion to Quash**. Plaintiff's motion to quash the subpoenas requiring him to attend a

6  deposition should be denied as moot.  On January 20, 2017, Plaintiff filed a pleading indicating

7  that he had attended a videotaped deposition.  Dkt. 105.

8   **Motion to Compel**. Plaintiff's motion for an order compelling Marlene Harnish to

9  produce her initial disclosures should be denied.  Plaintiff failed to follow Local Rule 37(a), and

10 failed to meet and confer before filing the motion.  Further, Ms. Harnish has responded that she

11 is expressly adopting the initial disclosures filed on behalf of her company, Brower, so Plaintiff's

12 motion is also moot.

13  **Motion to Compel Lawyers to Testify**. To the extent that Plaintiff moves for an order of

14 the Court compelling the lawyers in this case to act as witnesses, his motion should be denied.

15 His contentions are without merit.  Further, the discovery deadline has passed and Plaintiff has

16 failed to show that there is good cause for an extension as required by Fed. R. Civ. P. 16 (b)(4).

17  **Motion to Compel Mr. Stephens to File a Notice of Appearance or Withdraw**.

18 Plaintiff's motion for an order compelling Mr. Stephens to withdraw as the attorney of record for

19 Ms. Harnish or file a notice of appearance on behalf of Ms. Harnish should be denied.  His

20 motion is frivolous and without merit.  Under Local Rule 83.2 (a), a lawyer may enter an

21 appearance by signing and filing "a notice of appearance, complaint . . . [or] answer . . . ," as Mr.

22 Stephens did here in Ms. Harnish's Answer (Dkt. 71).  Accordingly, Mr. Stephens has properly

23 appeared for Ms. Harnish.

24
ORDER ON DEFENDANT LOCAL 66'S MOTION
TO COMPEL AND ON PLAINTIFF'S MOTION
TO QUASH, COMPEL AND DISCLOSE
DEFENDANTS- 8

**In Camera Review**.  To the extent that Plaintiff moves for an order issuing a subpoena to the National Labor Relations Board for an "in-camera review," Plaintiff has failed to follow the Federal and Local Rules governing subpoenas, and has failed to show good cause for an extension of the discovery deadline.  His motion should be denied.

**Civility**.  Plaintiff's pleadings are becoming increasingly uncivil.  He has filed pages of unwarranted personal attacks on opposing counsel.  His allegations against them are without merit, frivolous, and unnecessary.  He is strongly cautioned against including these assertions in further pleadings. All parties in this case are to conduct themselves with the utmost civility and courtesy.

## D. DEFENDANTS' MOTIONS FOR REASONABLE EXPENSES

Pursuant to Fed. R. Civ. P. 37 (a)(5)(A), if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." It further provides that the "court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."

By this order, Local 66's motion to compel is granted.  Accordingly, the undersigned must award Local 66's reasonable expenses unless one of the exception applies.  Local 66 did attempt in good faith to obtain the discovery without court action.  Further, Plaintiff's nondisclosures, responses and objections were not substantially justified.  However, in light of Plaintiff's pro se status, and considering his attempts at working with counsel, Local 66 should

ORDER ON DEFENDANT LOCAL 66'S MOTION
TO COMPEL AND ON PLAINTIFF'S MOTION
TO QUASH, COMPEL AND DISCLOSE
DEFENDANTS- 9

not be awarded fees for filing their motion to compel because to do so would make the award of expenses unjust at this time.

Defendants also move for an award of expenses for being forced to respond to Plaintiff's frivolous motion and due to his failure to follow Local Rule 37, which requires parties to meet and confer before filing discovery motions. Dkts. 92 and 96. Further, they move for an award of expenses for being forced to respond to Plaintiff's frivolous motion pursuant to Fed. R. Civ. P. 11. Dkt. 96.

Under Local Rule 37 (a)(1):

> If the court finds that counsel for any party, or a party proceeding pro se, willfully refused to confer, failed to confer in good faith, or failed to respond on a timely basis to a request to confer, the court may take action as stated in CR 11 of these rules.

Fed. R. Civ. P. 11 (b), provides that:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> >
> > (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> >
> > (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

1  If a party is held to have violated Rule 11, a court may order sanctions, including monetary

2  sanctions. Rule 11 (c)(1). Under Rule 11 (c)(2), a motion for Rule 11 sanctions must be made

3  "separately from any other motion."

4      At this stage, Defendants' motions (Dkts. 92 and 96) for reasonable expenses should be

5  denied without prejudice. While Plaintiff filed his motion to compel without meeting and

6  conferring with Defendants, he does not appear to have done so "wilfully" or refused to do so.

7  While Plaintiff's motion was not well taken, it is not wholly clear that it was filed for an

8  "improper purpose." From this point forward, Plaintiff is expected to fully comply with the

9  discovery requirements under the Federal and Local Rules of Civil Procedure. Plaintiff is

10 warned that failure to do so may result in sanctions, including monetary sanctions. While

11 Plaintiff's personal attacks on opposing counsel (and other non-parties) are unwarranted,

12 Plaintiff is now on notice they constitute a waste of the parties' and court's time and he should

13 refrain from continuing to avoid violating Fed. R. Civ. P. 11.

### III.  ORDER

Therefore, it is hereby **ORDERED** that:

- Defendant International Association of Sheet Metal, Air, Rail, and Transportation Workers, Local 66's Motion to Compel Discovery (Dkt. 84) **IS GRANTED**;
  - Plaintiff **SHALL** provide complete responses and answers to the Defendant International Association of Sheet Metal, Air, Rail, and Transportation Workers, Local 66's Interrogatories and Requests for Production on or before **February 10, 2017**;
- Plaintiff's Motion to Quash, Compel and Disclose Defendants (Dkt. 87) **IS DENIED**; and

ORDER ON DEFENDANT LOCAL 66'S MOTION
TO COMPEL AND ON PLAINTIFF'S MOTION
TO QUASH, COMPEL AND DISCLOSE
DEFENDANTS- 11

- Defendants' motions for reasonable expenses (Dkts. 92 and 96) **ARE DENIED WITHOUT PREJUDICE**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 26th day of January, 2017.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge

ORDER ON DEFENDANT LOCAL 66'S MOTION
TO COMPEL AND ON PLAINTIFF'S MOTION
TO QUASH, COMPEL AND DISCLOSE
DEFENDANTS- 12