1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

11

12

13

14

15

16

17

18

| | |
|---|---|
| WILLIAM L. MCVEIGH,<br><br>                    Plaintiff,<br><br>         v.<br><br>CLIMATE CHANGERS INC., JW<br>BROWER HEATING AND AIR<br>CONDITIONING; INTERNATIONAL<br>ASSOCIATION OF SHEET METAL,<br>AIR, RAIL, AND TRANSPORTATION<br>WORKERS, LOCAL 66; and<br>MARLENE HARNISH,<br><br>                    Defendants. | CASE NO. C16-5174 RJB<br><br>ORDER ON DEFENDANT<br>CLIMATE CHANGERS, INC.'S<br>MOTION TO COMPEL |

19    This matter comes before the Court on Defendant Climate Changers, Inc. d/b/a J.W.

20 Brower Heating & Air Conditioning's ("Brower") Motion to Compel Discovery.  Dkt. 99. The

21 Court has considered pleadings filed regarding the motions and the remainder of the file herein.

22    On March 4, 2016, Plaintiff filed this civil action, and now alleges claims against his

23 former employer, Brower, its' president, Marlene Harnish, and a union, International Association

24 of Sheet Mental, Air, Rail, and Transportation Workers, Local 66 ("Local 66") "pursuant to

1    Section 301 of the Labor Management Relations Act and 29 U.S.C. § 185." Dkt. 1-1.  In his

2    Third Amended Complaint, Plaintiff asserts that there was no just cause for his termination for

3    misconduct or sexual harassment. Dkt. 60.  He alleges he was not fully paid.  *Id*. Plaintiff

4    maintains that Local 66 violated their duty of fair representation.  *Id*.  The Third Amended

5    Complaint includes claims for breach of contract, breach of the duty of fair representation,

6    defamation per se, intentional and negligent infliction of emotional distress, and wrongful

7    discharge.  *Id*.  Plaintiff seeks damages, "[f]or Defendant(s) to be rehabilitated with personal,

8    professional, and social deterrence," and for the Court to enforce a provision of the Collective

9    Bargaining Agreement.  *Id*.

10   ## I.    FACTS RELEVANT TO THE MOTION

11          On November 29, 2016, Brower served its First Interrogatories and Requests for

12   Production on Plaintiff.  Dkt. 100, at 5-30.  Plaintiff sent a pleading entitled "Objection" to

13   Brower's First Interrogatories Answers and Responses to Brower on December 15, 2016.  Dkt.

14   100, at 32-34.  In Plaintiff's three page December 15, 2016 "Objection," he acknowledges he

15   received the First Interrogatories and Requests for Production and requested "the clarification or

16   correction of the party making Document . . . 'Climate Changers, Inc. ET AL' is not one of the

17   parties in this action."  Dkt. 100, at 33.  Plaintiff requested the "natural signature" of the party

18   that prepared the document and not an /s/, objected to the request that Plaintiff type his answers,

19   complained of the compound nature of the questions asked, and argued that Marlene Harnish

20   should be added to the title. *Id*.  Plaintiff further requested "clarification or correction of

21   Document's 'all information known to Defendants', its attorneys/agents or investigators." *Id*.

22          On January 13, 2017, Brower wrote to Plaintiff, informing him he provided incomplete

23   responses to the First Interrogatories and Requests for Production.  Dkt. 100, at 37.  Brower's

24

1   counsel indicated that he wanted to meet and confer, and offered dates on times to do so.  Dkt.

2   100, at 37.  Plaintiff emailed Brower's counsel on January 17, 2017.  Dkt. 100, at 39-40.

3   Brower's counsel spoke with Plaintiff twice on January 17, 2017 after the email was sent.  Dkt.

4   100, at 2.  They were unable to resolve the issues presented by Plaintiff's response to the First

5   Interrogatories and Requests for Production.  Dkt. 100, at 2.  They spoke by phone again on

6   January 19, 2017, to attempt a resolution, and according to Brower's counsel, Plaintiff stated that

7   he would "stand on his objections."  Dkt. 100, at 3.

8       On January 26, 2017, Local 66's motion for an order compelling Plaintiff to respond to

9   Local 66's Interrogatories and Requests for Production was granted.  Dkt. 106.  The undersigned

10  found that his responses to Local 66's discovery requests were inadequate, despite Local 66's

11  counsel's attempts at assisting him to an extraordinary degree.  *Id.*  It was noted that "Plaintiff's

12  pleadings are becoming increasingly uncivil.  He has filed pages of unwarranted personal attacks

13  on opposing counsel.  His allegations against them are without merit, frivolous, and unnecessary.

14  He is strongly cautioned against including these assertions in further pleadings."  *Id.*  Although

15  that Order denied Defendants' motions for attorneys' fees and expenses, Plaintiff was warned:

16       Plaintiff is expected to fully comply with the discovery requirements under the
         Federal and Local Rules of Civil Procedure.  Plaintiff is warned that failure to do
17       so may result in sanctions, including monetary sanctions.  While Plaintiff's
         personal attacks on opposing counsel (and other non-parties) are unwarranted,
18       Plaintiff is now on notice they constitute a waste of the parties' and court's time
         and he should refrain from continuing to avoid violating Fed. R. Civ. P. 11.
19
20  *Id.*

21       The instant motion to compel (Dkt. 99) was filed on January 19, 2017, before the January

22  26, 2017 order (Dkt. 106); Plaintiff's opposition was filed afterward, on January 30, 2017 (Dkts.

23  109-110).

24

ORDER ON DEFENDANT CLIMATE
CHANGERS, INC.'S MOTION TO COMPEL- 3

1    In Brower's motion, it seeks an order compelling Plaintiff to fully respond to its First

2    Interrogatories and Request for Production.  Dkt. 99.  It also moves for an award of attorneys'

3    fees pursuant to Fed. R. Civ. P. 37(a)(5)(A).  *Id.*

4    Plaintiff responds, and repeats his objections as stated in his December 15, 2016 pleading

5    entitled "Objection," again disputes whether he uses email as a form of communication, and

6    reasserts an argument regarding the Joint Status Report that has been rejected.  Dkt. 109.

7    Plaintiff states that, at one point during his discussions with counsel for Brower, counsel offered

8    to send Plaintiff a letter "stating that he was authenticating that the party requesting responses

9    was in fact Brower."  *Id.*  Plaintiff states that he responded, "the Judge would have to decide

10   what was going to happen."  *Id.*

11   Brower replies, argues that its motion to compel should be granted and that attorneys'

12   fees in the amount of $1,920.00 (2.1 billable hours at $400 per hour) should be awarded.  Dkt.

13   111.  Brower also moves to strike portions of Plaintiff's response regarding issues that were

14   expressly denied in the January 26, 2017 order and Plaintiff's allegation that he does not use

15   email.  *Id.*

16   This opinion will first discuss the general standard regarding discovery, then Brower's

17   motion to compel, Brower's motion to strike (Dkt. 111) and lastly, the Brower's motions for

18   attorney's fees.

19                                    **II.   DISCUSSION**

20   **A.  STANDARD REGARDING DISCOVERY GENERALLY**

21   Fed. R. Civ. P. 26 (b)(1) provides:

22   Unless otherwise limited by court order, the scope of discovery is as follows:
     Parties may obtain discovery regarding any nonprivileged matter that is relevant
23   to any party's claim or defense and proportional to the needs of the case,
     considering the importance of the issues at stake in the action, the amount in

24

1
2          controversy, the parties' relative access to relevant information, the parties'
           resources, the importance of the discovery in resolving the issues, and whether the
           burden or expense of the proposed discovery outweighs its likely benefit.
3          Information within this scope of discovery need not be admissible in evidence to
           be discoverable.

4          **B.  BROWER'S MOTION TO COMPEL**

5              Under Fed. R. Civ. P. 37 (a)(3)(B), "[a] party seeking discovery may move for an order

6      compelling an answer, designation, production or inspection" if "a party fails to answer an

7      interrogatory submitted under Rule 33" or "a party fails to produce documents . . . as requested

8      under Rule 34."  Evasive or incomplete answers and responses are treated as a failure to answer

9      or respond.  Rule 37 (a)(4).

10             Brower's motion for an order compelling Plaintiff to fully answer its First Interrogatories

11     and Requests for Production (Dkt. 99) should be granted.  Plaintiff's response, his December 15,

12     2016 "Objection," (Dkt. 100, at 32-34) is wholly insufficient.  Plaintiff filed this case and

13     authored the allegations in the complaint.  He should be ordered to fully respond to the

14     interrogatories and requests for production.

15             A deadline should be set for Plaintiff to full respond to Brower's First Interrogatories and

16     Requests for Production.  Plaintiff should provide complete responses and answers to Brower's

17     First Interrogatories and Requests for Production on or before **February 28, 2017.**

18         **C.  BROWER'S MOTION TO STRIKE**

19             Brower moves for an order striking argument from Plaintiff's opposition regarding

20     arguments raised in prior pleadings and rejected by the Court.  Brower's motion to strike (Dkt.

21     111) should be granted.  These arguments are not relevant to the pending motion.  To the extent

22     Brower moves to strike Plaintiff's allegations that email is not a good way to communicate with

23     him, the motion to strike (Dkt. 111) should be denied.  The U.S. mail still operates.

24

1          **D.  BROWER'S MOTION FOR ATTORNEYS' FEES**

2          Pursuant to Fed. R. Civ. P. 37 (a)(5)(A), if a motion to compel is granted, "the court

3    must, after giving an opportunity to be heard, require the party or deponent whose conduct

4    necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the

5    motion, including attorney's fees." It further provides that the "court must not order this payment

6    if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or

7    discovery without court action; (ii) the opposing party's nondisclosure, response, or objection

8    was substantially justified; or (iii) other circumstances make an award of expenses unjust."

9          By this order, Brower's motion to compel is granted.  Accordingly, the undersigned must

10   award Brower's reasonable expenses unless one of the exceptions applies.  Brower did attempt in

11   good faith to obtain the discovery without court action.  Further, Plaintiff's nondisclosure,

12   responses and objections were not substantially justified.  Plaintiff has now been warned of the

13   necessity of following the federal and local rules of civil procedure regarding his discovery

14   obligations.  Awarding Brower attorneys' fees would not be unjust at this time.

15         Brower should be awarded reasonable attorneys' fees for being forced to file this motion

16   to compel. In determining what attorney's fee is reasonable in a particular case, the court arrives

17   at the "lodestar amount," that is, multiplying the number of hours reasonably expended by a

18   reasonable hourly rate. *Jordan v. Multnomah County*, 799 F.2d 1262, 1265 (9th Cir. 1986)

19   (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  "While in most cases the lodestar

20   figure is presumptively reasonable, in rare cases, a district court may make upward or downward

21   adjustments to the presumptively reasonable lodestar on the basis of those factors set out in *Kerr*

22   *v. Screen Extras Guild, Inc.*, 526, F.2d 67, 69–70 (9th Cir.1975), that have not been subsumed in

23   the lodestar calculation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008)

24

1  (*internal and quotations citations omitted*).

2      Under *Kerr,* the court considers the following factors: (1) the time and labor required, (2) the

3  novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal

4  service properly, (4) the preclusion of other employment by the attorney due to acceptance of the

5  case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations

6  imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9)

7  the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11)

8  the nature and length of the professional relationship with the client, and (12) awards in similar

9  cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir.1975), *cert. denied*, 425

10  U.S. 951 (1976).  These considerations are consistent with Washington Rules of Professional

11  Conduct 1.5.

12      The fee applicant bears the burden of documenting the appropriate hours expended in the

13  litigation and must submit evidence in support of those hours worked.  *Gates v. Gomez*, 60 F.3d

14  525, 534-35 (9th Cir. 1995)."  *Id.*  The party opposing the fee application has a burden of rebuttal

15  that requires submission of evidence to the district court challenging the accuracy and

16  reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted

17  affidavits.  *Id*.

18          *1.  Lodestar Amount*

19              a.  <u>Hourly Rates</u>

20      In determining hourly rates, the Court must look to the "prevailing market rates in the

21  relevant community."  *Bell v. Clackamas County,* 341 F.3d 858, 868 (9th Cir. 2003).  The rates

22  of comparable attorneys in the forum district are usually used.  *See Gates v. Deukmejian*, 987

23  F.2d 1392, 1405 (9th Cir. 1992).  In making its calculation, the Court should consider the

24

1 experience, skill, and reputation of the attorneys requesting fees. *Schwarz v. Sec'y of Health &*

2 *Human Serv.,* 73 F.3d 895, 906 (9th Cir. 1995). The Court is further allowed to rely on its own

3 knowledge and familiarity with the legal market in setting a reasonable hourly rate. *Ingram v.*

4 *Oroudjiam,* 647 F.3d 955, 928 (9th Cir. 2011).

5      Mr. Stephens, Brower's attorney, claimed a rate of $400 per hour. Dkt. 100. That rate is

6 reasonable for the community and should be used to calculate fees.

7                        b.  <u>Hours Billed</u>

8      In the Ninth Circuit, "[t]he number of hours to be compensated is calculated by

9 considering whether, in light of the circumstances, the time could reasonably have been billed to

10 a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). A district

11 court should exclude hours that are "excessive, redundant, or otherwise unnecessary." *Gonzalez*

12 *v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013)(*citing McCown v. City of Fontana,* 565

13 F.3d 1097, 1102 (9th Cir.2008)).

14      Brower's lawyer seeks an award for the following 4.8 hours expended in filing the

15 motion and reply. Dkt. 99 and 112. This is reasonable, and not "excessive, redundant, or

16 otherwise unnecessary." *Gonzalez,* at 1203.

17      The lodestar amount, then is $1,920.00, that is 4.8 hours times $400 per hour.

18           *2. Kerr Factors*

19                  a.   <u>The Time and Labor Required</u>. The Court has commented above

20 on the time and labor required in determining reasonable hours.

21                  b.   <u>Novelty and Difficulty of Questions</u>. The questions in the case

22 were not particularly difficult. The law is not complex. These factors do not favor a reduction

23 or addition to the lodestar amount.

24

c.      Requisite Skill and Preclusion of Other Employment.  This case did not require exceptional skill to perform the legal service properly, and the lawyers did not show that it precluded other employment by these attorneys more than any other case would.  The skill required is recognized in the hourly rate allowed.

d.      Customary Fee, Whether the Fee is Fixed or Contingent, Time Limits.  The customary fee in such cases is basically the lodestar amount.  Enhancements are not customary.  There is no evidence that any unusual time limits were placed on counsel, either by the client or by the circumstances.

e.      Amount Involved and Results Obtained.  Brower's motion to compel was granted.  However, there is no showing that an upward or downward departure from the lodestar amount is warranted by this factor.

f.      Experience, Reputation and Ability of Attorneys, Undesirability of Case and Relationship with Client.  The consideration of the experience, reputation and ability of the attorney is addressed above in the lodestar and no further consideration is required.  The desirability or undesirability of the case does not provide a basis to increase or reduce fees here, nor does the nature and length of the professional relationship with the client favor an enhancement or reduction of the lodestar.

g.      Awards in Similar Cases.  No evidence has been submitted of awards of this nature in similar cases which counsel for a change in fees.

*3. Conclusion*

The *Kerr* factors and RPC 1.5 do not counsel for enhancement or reduction to the lodestar amount.  Accordingly, Brower should be awarded attorneys' fees of $1,920.00, the lodestar amount, against Plaintiff.

1

### III.   ORDER

2   Therefore, it is hereby **ORDERED** that:

3   - Defendant Climate Changers, Inc. d/b/a J.W. Brower Heating & Air

4     Conditioning's Motion to Compel Discovery (Dkt. 99) **IS GRANTED**;

5       - Plaintiff **SHALL** provide complete responses and answers to the

6         Defendant Climate Changers, Inc. d/b/a J.W. Brower Heating & Air

7         Conditioning's First Interrogatories and Requests for Production on or

8         before **February 26, 2017**;

9   - Defendant Climate Changers, Inc. d/b/a J.W. Brower Heating & Air

10    Conditioning's motion to strike (Dkt. 111) is granted, in part and denied, in part;

11    and

12  - Defendant Climate Changers, Inc. d/b/a J.W. Brower Heating & Air

13    Conditioning's **IS AWARDED** attorneys' fees in the amount of **$1,920.00**

14    against Plaintiff.

15  The Clerk is directed to send uncertified copies of this Order to all counsel of record and

16  to any party appearing *pro se* at said party's last known address.

17      Dated this 7th day of February, 2017.

18

19

20      ROBERT J. BRYAN
        United States District Judge

21

22

23

24