1

2

3

4

5

6

7

8
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
9
AT TACOMA

10

11
WILLIAM L. MCVEIGH,                          CASE NO. C16-5174 RJB

12
            Plaintiff,                       ORDER ON DEFENDANT
                                             CLIMATE CHANGERS, INC.
13
    v.                                       D/B/A JW BROWER HEATING
                                             AND AIR CONDITIONING'S
14
CLIMATE CHANGERS INC., d/b/a JW              MOTION TO COMPEL
BROWER HEATING AND AIR
15
CONDITIONING; INTERNATIONAL
ASSOCIATION OF SHEET METAL,
16
AIR, RAIL, AND TRANSPORTATION
WORKERS, LOCAL 66; and
17
MARLENE HARNISH,

18
            Defendants.

19
        This matter comes before the Court on Defendant Climate Changers, Inc. d/b/a J.W.

20
Brower Heating & Air Conditioning's ("Brower") Motion to Compel Discovery (Dkt. 107) and

21
Defendants' Joint Motion to Continue Dispositive Motions Deadline (Dkts. 119 and 120).  The

22
Court has considered pleadings filed regarding the motions and the remainder of the file herein.

23

24
ORDER ON DEFENDANT CLIMATE
CHANGERS, INC. D/B/A JW BROWER HEATING
AND AIR CONDITIONING'S MOTION TO
COMPEL- 1

1    On March 4, 2016, Plaintiff filed this civil action, and now alleges claims against his

2    former employer of two weeks, Brower, its' president, Marlene Harnish, and a union,

3    International Association of Sheet Mental, Air, Rail, and Transportation Workers, Local 66

4    ("Local 66"). Dkt. 1-1.  He makes claims "pursuant to Section 301 of the Labor Management

5    Relations Act and 29 U.S.C. § 185."  *Id*.  In his Third Amended Complaint, Plaintiff asserts that

6    there was no just cause for his termination for misconduct or sexual harassment. Dkt. 60.  He

7    alleges he was not fully paid.  *Id*. Plaintiff maintains that Local 66 violated their duty of fair

8    representation.  *Id*.  The Third Amended Complaint includes claims for breach of contract,

9    breach of the duty of fair representation, defamation per se, intentional and negligent infliction of

10   emotional distress, and wrongful discharge.  *Id*.  Plaintiff seeks damages, "[f]or Defendant(s) to

11   be rehabilitated with personal, professional, and social deterrence," and for the Court to enforce a

12   provision of the Collective Bargaining Agreement.  *Id*.

13   # I.   FACTS RELEVANT TO THE MOTION AND THE MOTION

14   ## A.  RELEVANT FACTS

15   On December 8, 2016, Defendants' counsel jointly emailed Plaintiff, offering several

16   possible dates for Plaintiff's deposition, including January 6, 2016.  Dkt. 97-1, at 125.  Plaintiff

17   did not respond, so, on December 13, 2016, Brower's counsel again emailed Plaintiff, informing

18   him that if he did not respond by close of business the next day, a date would be selected for the

19   deposition. Dkt. 97-1, at 130.  Plaintiff did not respond.  *Id.,* at 127.

20   On December 29, 2016, December 30, 2016, and January 3, 2017, Plaintiff was served

21   with subpoenas for his deposition on January 6, 2017.  Dkt. 88, at 7-23.

22   On January 4, 2017, Brower's counsel wrote Plaintiff a letter reminding him of his

23   deposition. Dkt. 97-1, at 135.

24

ORDER ON DEFENDANT CLIMATE
CHANGERS, INC. D/B/A JW BROWER HEATING
AND AIR CONDITIONING'S MOTION TO
COMPEL- 2

On January 5, 2017, Plaintiff filed a Motion to Quash, Compel, and Disclose Defendants. Dkt. 87. In this motion, Plaintiff stated that "on December 29 and 30, 2016 along with 3 January, 2017, Plaintiff was served subpoenas from 'Claimate [sic] Changers INC, JW Brower, Marlene Harnish' represented by 'Roderick [sic] Stephens.'" Dkt. 87. He argued that the attendance date of the deposition was 6 January 2016 on the first subpoena, and noted that on the second one, a hand written change was made for the deposition date to be 6 January 2017. *Id.* Plaintiff also asserted that no per diem check came with the subpoena and that the name of the issuing court had been left blank. *Id.* He also discussed the time given him to respond to the subpoena. *Id.* Plaintiff moved to quash these subpoenas. *Id.*

In light of Plaintiff's pro se status, Brower and Local 66's lawyers agreed to strike the January 6, 2017 deposition date, pending a decision from the Court on the motion to quash. Dkt. 97-1, at 128.

On January 12, 2017, Brower mailed a Notice of Videotaped Deposition of Witness ("Notice") to Plaintiff (rescheduling the deposition for January 20, 2017), sent an electronic copy that same day, and on January 17, 2017, a process server taped a copy of the Notice to Plaintiff's front door. Dkt. 108-1, at 2-8.

On January 19, 2017, counsel for Brower and Plaintiff had a telephone conference to discuss Plaintiff's failure to respond to Brower's discovery requests and to discuss Plaintiff's attendance at his January 20, 2017 deposition. Dkt. 108, at 2. The parties were unable to resolve the dispute over the written discovery. *Id.* Brower's counsel reminded Plaintiff of his obligation to attend the deposition; Plaintiff did not commit to appearing. *Id.*

1      On January 19, 2017, Brower filed a motion for an order compelling Plaintiff to fully

2 respond to its First Interrogatories and Request for Production.  Dkt. 99.  It also moved for an

3 award of attorneys' fees pursuant to Fed. R. Civ. P. 37(a)(5)(A).  *Id.*

4      On January 20, 2017, Plaintiff filed a pleading which stated that Plaintiff arrived as

5 scheduled for his deposition.  Dkt. 105.  According to the deposition transcript, during Plaintiff's

6 deposition, Plaintiff attempted to use his own device to make a video and audio recording of

7 defense counsel, Mr. Stevens for Brower and Ms. Fix for Local 66. Dkt. 108-1, at 13-15.  The

8 following exchange occurred:

9           **Mr. Stephens**:  This is Rod Stephens.  I represent [Brower] and Marlene
           Harnish.  Today we – we're going to start the deposition.  We have the court
10         reporter present and we have the videographer present. Before the deposition, I
           called Mr. McVeigh and he led me to conclude that he wasn't here, when,
11         actually, he was here in the office, and then he walked in when I was talking to
           him on the phone.
12             He sat down, served us with his reply documents.  He also gave me a
           document that I signed, indicating that he came into the deposition today at 9:28,
13         for verification that he appeared.
               We swore the witness in, and Mr. McVeigh had what appeared to be a
14         camera in his hand.  And I asked him what that was for, and he advised me that he
           was going to be recording this session.  And I advised him that the court reporter
15         was here to transcribe and record this session.
               Is that accurate?
16
           **Mr. McVeigh**:  Yeah. Something to that effect, yeah.
17
           **Mr. Stephens**:  Okay.  And that I don't want another recording device in
18         here.  And Mr. McVeigh has indicated that if he cannot record the session, then he
           will choose not to participate in the deposition and that we can go to the Judge.
19
           **Mr. McVeigh**:  I want to go to the Judge on seeing if I can record or not.
20
           **Mr. Stephens**:  Okay.
21
           **Mr. McVeigh**:  And, of course, the amount of time I had to respond.  The
22         notice, like we already talked about.

23

24
ORDER ON DEFENDANT CLIMATE
CHANGERS, INC. D/B/A JW BROWER HEATING
AND AIR CONDITIONING'S MOTION TO
COMPEL- 4

1    **Mr. Stephens**:  So what we'll do is we will continue the deposition to be reconvened after the Judge decides whether or not you can participate or you can record the deposition.

2

3    **Mr. McVeigh**:  I'll go with whatever the Judge has to say.  I don't mind that. . .

4

5    **Ms. Fix**:  Can we clarify whether it was a video recording or audio recording?

6    **Mr. McVeigh**:  Both. . .

7    **Mr. Stephens**:  Okay.  Well, then we will continue the deposition to be reconvened after Judge Bryan addresses the issue of whether Mr. McVeigh can record and video the deposition simultaneous with the court reporter and videographer recording the deposition and transcribing it.

8

9    Dkt. 108-1, at 13-15.

10   On January 26, 2017, Plaintiff's motion to quash the subpoenas for his deposition (Dkt.

11   87) was denied as moot.  Dkt. 106.  (The record did not indicate what happened at the

12   deposition; only that Plaintiff attended). Local 66's motion for an order compelling Plaintiff to

13   respond to Local 66's Interrogatories and Requests for Production was granted.  *Id.*  The

14   undersigned found that Plaintiff's responses to Local 66's discovery requests were inadequate,

15   despite Local 66's counsel's attempts at assisting him to an extraordinary degree.  *Id.*  It was

16   noted that "Plaintiff's pleadings are becoming increasingly uncivil.  He has filed pages of

17   unwarranted personal attacks on opposing counsel.  His allegations against them are without

18   merit, frivolous, and unnecessary.  He is strongly cautioned against including these assertions in

19   further pleadings." *Id.*  Although that Order denied Defendants' motions for attorneys' fees and

20   expenses, Plaintiff was warned:

21

22       Plaintiff is expected to fully comply with the discovery requirements under the Federal and Local Rules of Civil Procedure.  Plaintiff is warned that failure to do so may result in sanctions, including monetary sanctions.  While Plaintiff's personal attacks on opposing counsel (and other non-parties) are unwarranted,

23

24   ORDER ON DEFENDANT CLIMATE
CHANGERS, INC. D/B/A JW BROWER HEATING
AND AIR CONDITIONING'S MOTION TO
COMPEL- 5

Plaintiff is now on notice they constitute a waste of the parties' and court's time
and he should refrain from continuing to avoid violating Fed. R. Civ. P. 11.

*Id.*

Brower filed the instant motion to compel on January 26, 2017. Dkt. 107. In this motion, Brower moves for an order compelling Plaintiff to "appear at and participate in his deposition" no later than February 15, 2017 at 9:30 a.m. "without attempting to video tape and record defense counsel or otherwise obstruct counsel's ability to take Plaintiff's deposition," and cease attempting to record the deposition himself. Dkt. 107.

On January 30, 2017, Plaintiff filed a response to Brower's motion to compel answers to Brower's written discovery (Dkt. 99). Dkt. 100. The uncivil nature of Plaintiff's pleadings remained unchanged. *Id.*

On February 7, 2017, Brower's motion for an order compelling Plaintiff to fully respond to its First Interrogatories and Request for Production (Dkt. 99) was granted and Plaintiff was ordered to pay $1,920.00 in attorneys' fees. Dkt. 116.

Trial is set to begin May 22, 2017. Dkt. 64. The discovery deadline was January 23, 2017, and the dispositive motions deadline is February 21, 2017. *Id.*

**B. PENDING MOTION**

In the pending motion, Brower moves for an order compelling Plaintiff to attend and cooperate in his deposition on February 15, 2017 without Plaintiff attempting to operate an audio or video recording device during the deposition. Dkt. 107. Brower also moves for reasonable attorneys' fees and expenses pursuant to Fed. R. Civ. P. 30 (d)(2) for having to file this motion. *Id.*

In his response, Plaintiff argues that service of the subpoenas was not in accord with state law and that he was not given a "reasonable time" before the deposition to secure counsel. Dkt.

ORDER ON DEFENDANT CLIMATE
CHANGERS, INC. D/B/A JW BROWER HEATING
AND AIR CONDITIONING'S MOTION TO
COMPEL- 6

113.  Plaintiff states that "it was clearly stated that Plaintiff would receive service by U.S. mail and not by electronic means." *Id.*, at 3-4.  Plaintiff asserts that defense counsel initially informed him that they would object to the presence of an attorney at the deposition who had not entered a notice of appearance for Plaintiff, but then later said they "wouldn't have a problem." *Id.* Plaintiff asserts he felt like he was being "ambushed" and that defense counsel "asserting that he was not allowed an attorney and the Union representative Plaintiff indicates was deceptive and hostile to him." *Id.,* at 4.  Although at one point in his pleading Plaintiff disputes that the parties met and conferred about his deposition, he later refers to a discussion with counsel about his attendance, the length of time between the notice and deposition, and whether a lawyer could attend with Plaintiff. *Id.*, at 3-4.  Plaintiff indicates that he still wants to record his deposition. *Id.*  He points out that he still attended the deposition.  *Id.*  Plaintiff asserts that Defendants have been dilatory in scheduling his deposition.  *Id.*

Brower replies, and argues that Plaintiff has not offered a plausible excuse for his actions, he has again attempted to rehash his arguments from his motion to quash, Defendants have diligently pursued discovery, but have been stymied by Plaintiff's failure to cooperate, and again moves for an award of sanctions.  Dkt. 117.  Further, Brower points out that the dispositive motions deadline is February 21, 2017, and moves for an order requiring Plaintiff to participate in his deposition on February 15, 2017 and for Plaintiff to pay for expedited transcript fees, so that the dispositive motions deadline can be met.  *Id.*

## II.  DISCUSSION

### A.  BROWER'S MOTION TO COMPEL PLAINTIFF'S ATTENDANCE AT HIS DEPOSITION WITHOUT ATTEMPTING TO OPERATE A RECORDING DEVICE

ORDER ON DEFENDANT CLIMATE
CHANGERS, INC. D/B/A JW BROWER HEATING
AND AIR CONDITIONING'S MOTION TO
COMPEL- 7

1    Fed. R. Civ. P. 30 (a)(1) provides: "[a] party may, by oral questions, depose any person,

2    including a party, without leave of court except as provided in Rule 30 (a)(2). The deponent's

3    attendance may be compelled by subpoena under Rule 45." Further, "a party must obtain leave

4    of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2). . . if

5    the parties have not stipulated to the deposition and . . . the party has already been deposed in the

6    case." Fed. R. Civ. P. 26 (b)(1) provides:

7        Unless otherwise limited by court order, the scope of discovery is as follows:
         Parties may obtain discovery regarding any nonprivileged matter that is relevant
8        to any party's claim or defense and proportional to the needs of the case,
         considering the importance of the issues at stake in the action, the amount in
9        controversy, the parties' relative access to relevant information, the parties'
         resources, the importance of the discovery in resolving the issues, and whether the
10       burden or expense of the proposed discovery outweighs its likely benefit.
         Information within this scope of discovery need not be admissible in evidence to
11       be discoverable.

12   **Attendance at the Deposition**. Brower's motion to compel Plaintiff attend and

13   cooperate in Plaintiff's deposition should be granted, in part. The discovery sought from

14   Plaintiff's deposition is relevant and proportional to the needs of the case, considering the

15   importance of the issues at stake in the action, the millions Plaintiff asserts is at issue, the parties'

16   relative access to relevant information, the parties' resources, and the importance of his

17   testimony in resolving the issues. The benefit of requiring Plaintiff to attend and cooperate at his

18   own deposition outweighs the burden and expense. Further, Plaintiff does not oppose having his

19   deposition taken.

20       Plaintiff's deposition should take place on February 21, 2017, starting at 9:00 a.m., to be

21   held at the United States Courthouse in Tacoma (1717 Pacific Avenue, Tacoma Washington) in a

22   conference room near to Courtroom A. Plaintiff should be aware that failure to appear and

23

24
     ORDER ON DEFENDANT CLIMATE
     CHANGERS, INC. D/B/A JW BROWER HEATING
     AND AIR CONDITIONING'S MOTION TO
     COMPEL- 8

1  cooperate may result in monetary sanctions and/or dismissal of his case pursuant to Fed. R. Civ.

2  P. 37.  The undersigned will be available during this time to resolve any disputes that may arise.

3         Plaintiff's objections to the method of service are without merit.  In his pleadings,

4  Plaintiff states that he agreed to accept service of discovery documents by U.S. mail.  The

5  subpoena for the January 21, 2017 deposition was served on him via U.S. mail on January 12,

6  2017.  Dkt. 108-1, at 4.  His arguments regarding the length of notice, nine days, is also frivolous

7  considering all the correspondence, conversations, and emails between Plaintiff and opposing

8  counsel.  Further, his complaint that opposing counsel did not give him enough time to secure a

9  lawyer of his own appears without merit.  He was given notice of the deposition over a month

10 ago and he has still not hired an attorney to handle the case for him.  In his Application for Court

11 Appointed Counsel, which was denied, Plaintiff contended that he has "called over 20 attorneys,

12 emailed over 10 attorneys, met face to face with 3 attorneys, emailed back and forth with

13 attorney over a 2 ½ month period" to no avail. Dkt. 1-2, at 2.  Plaintiff's deposition should take

14 place on February 21, 2017; Plaintiff's failure to cooperate may result in sanctions.

15        **Plaintiff's Use of Recording Device at Deposition**. Rule 30 (b) "Method of Recording,"

16 provides:

17        (A) Method Stated in the Notice. The party who notices the deposition must state
          in the notice the method for recording the testimony. Unless the court orders
18        otherwise, testimony may be recorded by audio, audiovisual, or stenographic
          means. The noticing party bears the recording costs. Any party may arrange to
19        transcribe a deposition.

20        (B) Additional Method. With prior notice to the deponent and other parties, any
          party may designate another method for recording the testimony in addition to
21        that specified in the original notice. That party bears the expense of the additional
          record or transcript unless the court orders otherwise.
22
          Brower's motion to for Plaintiff to participate in his deposition without Plaintiff
23
   attempting to also operate a recording device himself should be granted.  Plaintiff failed to notify
24
   ORDER ON DEFENDANT CLIMATE
   CHANGERS, INC. D/B/A JW BROWER HEATING
   AND AIR CONDITIONING'S MOTION TO
   COMPEL- 9

1    the other parties of his intent to record the deposition in addition to that specified in the original

2    notice.  Plaintiff appears to have attempted to use the device to record counsel and not his own

3    testimony.  This is not contemplated by the Federal Rules of Civil Procedure.  Brower's counsel

4    properly points out that they are not witnesses in this case, and that it is Plaintiff's testimony (in

5    response to questions of counsel) that is to be recorded.  Plaintiff's attempts at recording his own

6    deposition distracted all parties from accomplishing what they were all there to do.  Plaintiff is

7    free to hire his own certified court reporter, if he wishes, but should refrain from further attempts

8    at doing it himself.

9        B. **BROWER'S MOTION FOR SANCTIONS**

10   Rule 30 (d)(2) provides that "[t]he court may impose an appropriate sanction – including

11   reasonable attorneys' fees incurred by any party – on a person who impedes, delays, or frustrates

12   the fair examination of the deponent."

13   Brower moves for sanctions under Fed. R. Civ. P. 30 (d)(2) for having to bring the

14   motion to compel, for Plaintiff's conduct at his deposition, and for the cost of needing expedited

15   transcripts of Plaintiff's deposition to meet the dispositive motions deadline.  Dkts. 107 and 117.

16   It seeks attorneys' fees of $1,440.00 for 3.6 hours at $400 per hour for the preparation of the

17   motion and reply, $184.00 for the court reporter's fee, and $330.00 for the videographer's

18   charges.  Dkt. 117.

19   Brower's motion to for sanctions (Dkt. 107) should be denied without prejudice.  Plaintiff

20   is warned to conduct himself civilly at his next deposition and make no attempts to delay or

21   frustrate the deposition.

22   Plaintiff's deposition should take place on before February 21, 2017, starting at 9:00 a.m. at

23   the U.S. Courthouse in Tacoma.  The dispositive motions deadline should be continued until

24

ORDER ON DEFENDANT CLIMATE
CHANGERS, INC. D/B/A JW BROWER HEATING
AND AIR CONDITIONING'S MOTION TO
COMPEL- 10

1  March 9, 2017.  To the extent that Brower moves for an award of sanctions to cover the expense

2  of needing expedited transcripts of Plaintiff's deposition to meet the dispositive motions

3  deadline, the motion should be denied.  By this order, that deadline is now extended.  Further, the

4  Defendants' joint motions to extend the dispositive motions deadline to March 7, 2017 (Dkts.

5  119 and 120) should be stricken as moot.

6  **III.     <u>ORDER</u>**

7       Therefore, it is hereby **ORDERED** that:

8       (1) Defendant Climate Changers, Inc. d/b/a J.W. Brower Heating & Air

9            Conditioning's Motion to Compel Discovery (Dkt. 107) **IS:**

10                o   **GRANTED, IN PART**:

11                         ▪  Plaintiff's deposition **SHALL** take place on **February 21,**

12                            **2017** at the U.S. Courthouse in Tacoma, Washington, 1717

13                            Pacific Avenue, Tacoma, Washington, in a conference room

14                            near to Courtroom A, to begin at 9:00 a.m.;

15                         ▪  The dispositive motions deadline **IS RESET** for **March 9,**

16                            **2017**; and

17                o   **DENIED, IN PART**:

18                         ▪  The motion for sanctions **IS DENIED WITHOUT**

19                            **PREJUDICE.**

20       (2) Defendants' Joint Motion to Continue Dispositive Motions Deadline (Dkts.

21            119 and 120) **ARE STRICKEN AS MOOT**.

22       The Clerk is directed to send uncertified copies of this Order to all counsel of record and

23  to any party appearing *pro se* at said party's last known address.

24

ORDER ON DEFENDANT CLIMATE
CHANGERS, INC. D/B/A JW BROWER HEATING
AND AIR CONDITIONING'S MOTION TO
COMPEL- 11

1      Dated this 15th day of February, 2017.

2

3

4      ROBERT J. BRYAN
       United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON DEFENDANT CLIMATE
CHANGERS, INC. D/B/A JW BROWER HEATING
AND AIR CONDITIONING'S MOTION TO
COMPEL- 12