UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM L. MCVEIGH,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CLIMATE CHANGERS INC., d/b/a JW BROWER HEATING AND AIR CONDITIONING; INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL, AND TRANSPORTATION WORKERS, LOCAL 66; and MARLENE HARNISH,<br><br>　　　　　　Defendants. | CASE NO. C16-5174 RJB<br><br>ORDER ON DEFENDANTS' MOTIONS FOR SANCTIONS |

This matter comes before the Court on Defendant International Association of Sheet Metal, Air, Rail and Transportation Workers, Local 66 ("Local 66") Motion for Sanctions (Dkt. 123), Local 66's Supplement to Motion for Sanctions (Dkt. 125), Defendant Climate Changers, Inc. d/b/a J.W. Brower Heating & Air Conditioning and Marlene Harnish's ("Brower") Joinder in Local 66's Supplement to Motion for Sanctions (Dkt. 127) and Defendants' Joint Motion to Continue Dispositive Motions Deadline (Dkts. 131). The Court has considered pleadings filed regarding the motions and the remainder of the file herein.

1  On March 4, 2016, Plaintiff filed this civil action, and now alleges claims against his
2  former employer of two weeks, Brower, its' president, Marlene Harnish, and the union, Local 66.
3  Dkt. 1-1. He makes claims "pursuant to Section 301 of the Labor Management Relations Act
4  and 29 U.S.C. § 185." *Id*. In his Third Amended Complaint, Plaintiff asserts that there was no
5  just cause for his termination for misconduct or sexual harassment. Dkt. 60. He alleges he was
6  not fully paid. *Id*. Plaintiff maintains that Local 66 violated their duty of fair representation. *Id*.
7  The Third Amended Complaint includes claims for breach of contract, breach of the duty of fair
8  representation, defamation per se, intentional and negligent infliction of emotional distress, and
9  wrongful discharge. *Id*. Plaintiff seeks damages, "[f]or Defendant(s) to be rehabilitated with
10 personal, professional, and social deterrence," and for the Court to enforce a provision of the
11 Collective Bargaining Agreement. *Id*.

12 Defendants now move for dismissal of this case and an award of expenses as sanctions
13 for Plaintiff's refusal to comply with the Court's orders, the Federal Rules of Civil Procedure and
14 the Local Civil Rules of the Western District of Washington. For the reasons provided, their
15 motions (Dkts. 123, 125, and 127) should be granted, the case dismissed, and expenses be
16 awarded as a sanctions pursuant to Fed. R. Civ. P. 37 (b)(2)(A).

17 **I.  RELEVANT FACTS**

18 The background facts regarding Defendants' attempts to get Plaintiff to respond to
19 Defendants' interrogatories and requests for production are in the January 26, 2017 Order
20 Granting Local 66's Motion to Compel and on Plaintiff's Motion to Quash, Compel, and
21 Disclose Defendants (Dkt. 106, at 2-5), the February 7, 2017 Order on Defendant [Brower's]
22 Motion to Compel (Dkt. 116, at 2-4), and the February 15, 2017 Order on Defendant [Brower's]
23 Motion to Compel (Dkt. 122, at 2-6) and are adopted here.

24

1       As provided in the orders on the motions to compel, Plaintiff was ordered by this Court to
2  fully respond to the Defendants interrogatories and requests for production (Dkts. 106 (Local
3  66's) and 116 (Brower's)) and appear at the U.S. Courthouse in Tacoma to be deposed on
4  February 21, 2017 at 9:00 a.m. (Dkt. 122).  In each of the orders, Plaintiff was notified that
5  failure to meet his discovery obligations under the Federal Rules of Civil Procedure and comply
6  with this Court's orders may result in sanctions, including monetary fines.  Dkts. 106, 116, and
7  122.  On February 7, 2017, Plaintiff was ordered to pay $1,920.00 in attorneys' fees pursuant to
8  Rule 37 (a)(5)(A).  Dkt. 116.  Additionally, Plaintiff was warned in the February 15, 2017 Order
9  on Defendant [Brower's] Motion to Compel that failure to appear for his deposition may result in
10 dismissal of the case.  Dkt. 122, at 8-9.
11      As is relevant to the present motions, on February 13, 2017, Plaintiff served another set
12 of responses to Local 66's interrogatories and requests for production entitled "Plaintiff's
13 Responses as Ordered by the Court to local 66's Interoggatories [sic] and Production Including
14 11 and 12."  Dkt. 124-1, at 21-30.
15      Plaintiff did not appear for his deposition.  Dkt. 124 and 128.  Defendants' attorneys, a
16 court reporter and a videographer, appeared and waited almost an hour for him.  *Id.*  Plaintiff did
17 not contact either of the attorney, their offices, or the Court to explain that he would not be here.
18 *Id.*
19      Despite being ordered to do so by February 26, 2017, Plaintiff failed to serve Brower
20 with his responses to Brower's Interrogatories and Requests for Production.  Dkt. 132, at 2.
21 Instead, he sent them to Local 66.  Dkt. 134, at 2.
22      Trial is set to begin May 22, 2017.  Dkt. 64.  The discovery deadline was January 23,
23 2017, and the dispositive motions deadline was March 10, 2017.  *Id.*
24

## II. DISCUSSION

**A.  DEFENDANTS' MOTIONS FOR DISMISSAL AS A SANCTION**

Fed. R. Civ. P. 37 (b)(2)(A) provides:

> If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following: . . . dismissing the action or proceeding in whole or in part. . . .

Local 66's Motion (and supplement) for Sanctions, joined by Brower, (Dkts. 123, 125, and 127) should be granted and the case dismissed with prejudice for Plaintiff's failure to comply with the Court's orders, the Federal Rules of Civil Procedure, and the Local Rules of the Western District of Washington. On January 26, 2017, Plaintiff was ordered to provide responses to Local 66's Interrogatories and Requests for Production. Dkt. 106. On February 13, 2017, Plaintiff served Local 66 with "Plaintiff's Responses as Ordered by the Court to Local 66's Interoggatories [sic] and Production Including 11 and 12." Dkt. 124-1, at 21-30. In this pleading, Plaintiff raises meritless objections to Local 66's definition of "Complaint" (even though Plaintiff and counsel had a conversation regarding the meaning of the word and counsel followed up with a letter (Dkt. 124-1, at 16-19)) and, for the third time, answered Interrogatory No. 3 with, "I cannot identify the subjects of knowledge of the facts alleged in the Complaint [as defined]. I will supplement the response as discovery continues." Dkt. 124-1, at 22. Likewise, he answered Interrogatories No. 4 and 5 with vague allegations and again fails to explain how he calculated his $15,000,000 in damages; answering Interrogatory No. 7, that he "didn't know how [he] came up with the amount." *Id.*, at 24. Further, in response to Local 66's Requests for Production, Plaintiff has failed to identify which of the 265 documents is responsive to which request (Dkt. 124, at 3), despite being ordered to do so by the Court (Dkt. 106, at 7-8). Plaintiff

repeated his assertion that the definition of "Complaint" is unclear, and that he, accordingly, could not respond to Local 66's Request for Production No. 1. Dkt. 124-1, at 27. He also refused to provide any documents in response to Requests for Production No. 8 and 9, and implied that some are "being withheld for impeachment" purposes. Dkt. 124-1, at 2. Plaintiff has failed to comply with the Court's January 26, 2017 order.

As of March 2, 2017, Plaintiff has failed to comply with the Court's order compelling him to respond to Brower's Interrogatories and Requests for Production. He has not served Brower with any responses.

Further, on February 15, 2017, Defendants' motion to compel was granted and Plaintiff was ordered to appear for his deposition on February 21, 2017 at the U.S. Courthouse in Tacoma, Washington at 9:00 a.m. Dkt. 122. Plaintiff was informed that the undersigned would make himself available all day should any disputes arise between the parties. *Id.* Plaintiff was warned that failure to appear at the deposition may result in monetary sanctions and/or dismissal of the case Fed. R. Civ. P. 37. *Id.* On February 21, 2017, attorneys for the Defendants appeared at the courthouse, as did a representative for Local 66, a court reporter and a videographer. Dkt. 126. They waited until 9:41 a.m. *Id.* Plaintiff did not appear. *Id.*

The Ninth Circuit uses a five part test to consider whether a case-dispositive sanction under Rule 37 is appropriate: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).

Each of these factors weighs in favor of dismissal of this case with prejudice. The first two factors, "public's interest in expeditious resolution of litigation" and the "court's need to manage its docket," are served by dismissing this case with prejudice. *Id., at* 1096. Plaintiff has failed to meet his discovery obligations under the federal rules and local rules, and has not followed this Court's orders. He has unnecessarily delayed the case and forced the Defendants to file motions to try to get him to follow the most basic of discovery rules. He has ignored this Court's orders. Plaintiff has filed meritless motions and wasted the Defendants' resources in responding to them. His failure to cooperate has resulted in extensions of the case deadlines.

Further, as to the third factor, there is no risk of prejudice to the Defendants if the case is dismissed; they have no counterclaims. Dismissal of the case also serves the fourth factor: "the public policy favoring disposition of cases on their merits." *Connecticut Gen. Life Ins. Co.*, at 1096. Plaintiff's conduct makes "it impossible for [this] court to be confident that the parties will ever have access to the true facts," *Id.*, at 1097, preventing any kind of disposition on the merits.

The final factor, the availability of less drastic sanctions, also favors dismissal with prejudice. This Court has considered and ordered monetary sanctions, to no avail. As of March, 10, 2017, Plaintiff had not paid Brower's attorneys the $1,920 as ordered. Dkt. 146. Plaintiff has been repeatedly warned about the possibility of sanctions, including dismissal of the case, if he failed to cooperate, but has continued. This case should be dismissed with prejudice.

B.  **DEFENDANTS' MOTION FOR ATTORNEYS' FEES AS A SANCTION**

Rule 37 (5)(b)(2)(C) provides that "[i]nstead of or in addition to the orders above, the court must order the disobedient party . . . to pay the reasonable expenses, including attorneys' fees, caused by the failure, unless the failure was substantially justified or other circumstances

make an award of expenses unjust." Further, under Rule 30(g), "[a] party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorneys' fees, if the noticing party failed to . . . attend."

Local 66 moves for an award of attorneys' fees and costs. Counsel for Local 66 states that she charges $225.00 per hour. She spent 7.2 hours preparing the motion for sanctions, the supplement, reply and supporting pleadings (Dkts. 124, at 3; 126, at 2; 134, at 2); and 2.4 hours traveling to and attending Plaintiff's deposition (Dkt. 126, at 2); for a total of 9.6 hours. Local 66 incurred $47.20 in costs to attend the deposition: $35.20 for fuel and $12.00 for parking. Dkt. 126, at 2.

Brower also moves for an award of attorneys' fees and costs. Brower's attorney states that he charges $400 per hour. Dkt. 128. He states that he spent .6 hours drafting the joinder and supporting documents and he spent 2.3 hours traveling to and attending Plaintiff's deposition for a total of 2.9 hours. *Id.,* at 2 He incurred $10 in parking expenses for the deposition. *Id.* Brower's attorney states that although he has not received the bill from the court reporter and videographer for the February 21, 2017 deposition, he anticipates that it will be the same as the last time the parties attempted to take Plaintiff's deposition: $514. Dkt. 128, at 2.

Plaintiff's failure to comply with the Federal Rules of Civil Procedure, Local Rules of Western District of Washington and this Court's orders "was not substantially justified" and no "other circumstances make an award of expenses unjust." Pursuant to Rules 37 (5)(b)(2)(C) and 30(g), Plaintiff should be ordered to pay the reasonable expenses of Local 66 and Brower (including attorney's fees) in bringing the motion and supplement for sanctions, and for attending Plaintiff's deposition (where he failed to appear).

ORDER ON DEFENDANTS' MOTIONS FOR
SANCTIONS- 7

1    In determining what attorney's fee is reasonable in a particular case, the court arrives at
2 the "lodestar amount," that is, multiplying the number of hours reasonably expended by a
3 reasonable hourly rate. *Jordan v. Multnomah County*, 799 F.2d 1262, 1265 (9th Cir. 1986)
4 (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "While in most cases the lodestar
5 figure is presumptively reasonable, in rare cases, a district court may make upward or downward
6 adjustments to the presumptively reasonable lodestar on the basis of those factors set out in *Kerr*
7 *v. Screen Extras Guild, Inc.*, 526, F.2d 67, 69–70 (9th Cir.1975), that have not been subsumed in
8 the lodestar calculation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008)
9 (*internal and quotations citations omitted*).

10    Under *Kerr,* the court considers the following factors: (1) the time and labor required, (2) the
11 novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal
12 service properly, (4) the preclusion of other employment by the attorney due to acceptance of the
13 case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations
14 imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9)
15 the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11)
16 the nature and length of the professional relationship with the client, and (12) awards in similar
17 cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir.1975), *cert. denied*, 425
18 U.S. 951 (1976).  These considerations are consistent with Washington Rules of Professional
19 Conduct 1.5.

20    The fee applicant bears the burden of documenting the appropriate hours expended in the
21 litigation and must submit evidence in support of those hours worked. *Gates v. Gomez*, 60 F.3d
22 525, 534-35 (9th Cir. 1995)." *Id.*  The party opposing the fee application has a burden of rebuttal
23 that requires submission of evidence to the district court challenging the accuracy and
24

ORDER ON DEFENDANTS' MOTIONS FOR
SANCTIONS- 8

reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits. *Id.*

   1. *Lodestar Amount*

      a. Hourly Rates

In determining hourly rates, the Court must look to the "prevailing market rates in the relevant community." *Bell v. Clackamas County,* 341 F.3d 858, 868 (9th Cir. 2003). The rates of comparable attorneys in the forum district are usually used. *See Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992). In making its calculation, the Court should consider the experience, skill, and reputation of the attorneys requesting fees. *Schwarz v. Sec'y of Health & Human Serv.,* 73 F.3d 895, 906 (9th Cir. 1995). The Court is further allowed to rely on its own knowledge and familiarity with the legal market in setting a reasonable hourly rate. *Ingram v. Oroudjiam,* 647 F.3d 955, 928 (9th Cir. 2011).

Mr. Roderik Stephens, Brower's attorney, claimed a rate of $400 per hour has already been determined by this court to be a reasonable for the community and should be used to calculate fees. Dkt. 116, at 8. Christine Fix's (Local 66's attorney) claimed rate of $225 per hour is also reasonable for this community.

      b. Hours Billed

In the Ninth Circuit, "[t]he number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). A district court should exclude hours that are "excessive, redundant, or otherwise unnecessary." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013)(*citing McCown v. City of Fontana,* 565 F.3d 1097, 1102 (9th Cir.2008)).

Local 66's lawyer seeks an award for 7.2 hours for preparing the motion for sanctions, the supplement, reply and supporting pleadings and 2.4 hours traveling to and attending Plaintiff's deposition, for a total of 9.6 hours. Brower's lawyer seeks an award for .6 hours for drafting the joinder and supporting documents to the motion for sanctions and supplement, and 2.3 hours traveling to and attending Plaintiff's deposition. These requested hours are reasonable, and not "excessive, redundant, or otherwise unnecessary." *Gonzalez,* at 1203.

The lodestar amount, then is Local 66's attorney's fees of 9.6 hours x $225 = $2,160 and Brower's attorney's fees of 2.9 hours x $400 =$1,160.00.

   2. *Kerr Factors*

       a. <u>The Time and Labor Required</u>. The Court has commented above on the time and labor required in determining reasonable hours.

       b. <u>Novelty and Difficulty of Questions</u>. The questions in the case were not particularly difficult. The law is not complex. These factors do not favor a reduction or addition to the lodestar amount.

       c. <u>Requisite Skill and Preclusion of Other Employment</u>. This case did not require exceptional skill to perform the legal service properly, and the lawyers did not show that it precluded other employment by these attorneys more than any other case would. The skill required is recognized in the hourly rate allowed.

       d. <u>Customary Fee, Whether the Fee is Fixed or Contingent, Time Limits</u>. The customary fee in such cases is basically the lodestar amount. Enhancements are not customary. There is no evidence that any unusual time limits were placed on counsel, either by the client or by the circumstances.

           e.      <u>Amount Involved and Results Obtained</u>.  The parties' motion for sanctions was granted.  However, there is no showing that an upward or downward departure from the lodestar amount is warranted by this factor.

           f.      <u>Experience, Reputation and Ability of Attorneys, Undesirability of Case and Relationship with Client</u>.  The consideration of the experience, reputation and ability of the attorneys are addressed above in the lodestar and no further consideration is required.  The desirability or undesirability of the case does not provide a basis to increase or reduce fees here, nor does the nature and length of the professional relationship with the client favor an enhancement or reduction of the lodestar.

           g.      <u>Awards in Similar Cases</u>.  No evidence has been submitted of awards of this nature in similar cases which counsel for a change in fees.

      3.  *Conclusion*

The *Kerr* factors and RPC 1.5 do not counsel for enhancement or reduction to the lodestar amount.  Accordingly, Local 66 and Brower should be awarded the lodestar amount.  Further, Plaintiff should be ordered to pay the expenses incurred by the Defendants to attend Plaintiff's deposition.  Plaintiff should pay Local 66 $47.50 and Brower $524.00 in costs.  Accordingly, Plaintiff should be ordered to pay:

    Local 66's attorney's fees of 9.6 hours x $225 =      $2,160.00

    Local 66's deposition expenses of      $   47.50

    Brower's attorney's fees of 2.9 hours x $400 =      $1,160.00

    Brower's deposition expenses of      $ 524.00

Such payment should be made by May 12, 2017.

**C.  CONCLUSION**

By this order, this case is dismissed with prejudice. All deadlines should be stricken and remaining motions should be stricken as moot.

### III.  ORDER

Therefore, it is hereby **ORDERED** that:

(1) Defendant International Association of Sheet Metal, Air, Rail and Transportation Workers, Local 66 Motion for Sanctions (Dkt. 123), Local 66's Supplement to Motion for Sanctions (Dkt. 125), Defendant Climate Changers, Inc. d/b/a J.W. Brower Heating & Air Conditioning's Joinder in Local 66's Supplement to Motion for Sanctions (Dkt. 127) **ARE GRANTED;**

(2) This case **IS DISMISSED WITH PREJUDICE;**

(3) Defendant International Association of Sheet Metal, Air, Rail and Transportation Workers, Local 66 **IS AWARDED** $2,160.00 in attorney's fees and $47.50 in costs;

(4) Defendant Climate Changers, Inc. d/b/a J.W. Brower Heating & Air Conditioning and Marlene Harnish **ARE AWARDED** $1,160.00 in attorney's fees and $524.00 in costs; and

(5) Defendants' Joint Motion to Continue Dispositive Motions Deadline (Dkt. 131), all other motions, and all case deadlines **ARE STRICKEN AS MOOT**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 13th day of March, 2017.

ROBERT J. BRYAN
United States District Judge